State v. Jackson.

THE STATE v. OLLIE JACKSON, Appellant.

Division Two, May 9, 1912.

1. **INDICTMENT: Gambling Device: Two Tables: One Felony.** If the accused, as a part of the same unlawful transaction and with the same felonious purpose, sets up and keeps two or more gambling tables, whether of the same or a different kind, it is but one felony and one indictment charging it is sufficient.

2. ————: ————: **Vague and Uncertain: Cards on One Table: Dice on Another.** It is not necessary to charge that dice were played on one gaming table and cards on another, or dice and cards on both, and the indictment is not vague and uncertain because it does not so charge.

3. **JURORS: Railroad Employees: Directory Statute.** The statute exempting railroad employees from jury service in the city of St. Louis is directory, and a convicted defendant is not entitled to a reversal of the judgment on the ground that the trial court overruled his challenge to three railroad employees summoned as talesmen.

4. **GAMBLING DEVICE: Keeping and Setting up: Competent Evidence.** Where the charge in the indictment is for keeping, as well as for setting up, gambling devices, which necessarily implies a lapse of time in the commission of the crime, so as to make it a continuing offense, any facts and circumstances connected with the place where the gambling device is kept during such time, tending to prove the charge, or concerning the

conduct of the defendant in the management of the device, or any other gambling device in the same room or place and conducted as a part of the same plan or scheme, should be admitted in evidence.

5. **INSTRUCTION: General Verdict.** The defendant is entitled to a concurrence of the minds of the jurors upon one definite charge of crime, and the verdict must be definite and responsive to such charge. Where under the instruction the jury may have convicted the defendant of keeping either of two gambling tables charged, one a poker table and the other a crap table, and some may have agreed to a verdict of guilty as to one table, and others to the same verdict as to the other table, and the verdict returned simply finds "the defendant guilty of setting up and keeping a gambling device, as charged in the indictment," the verdict cannot stand.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock*, Judge.

REVERSED AND REMANDED.

*John A. Gernez* and *Thos. J. Rowe, Jr.*, for appellant.

(1) The indictment should have been quashed as uncertain, vague and indefinite and because of duplicity in charging two separate and distinct offenses. State v. Lee, 228 Mo. 499; State v. Chauvin, 231 Mo. 40; State v. Carragin, 210 Mo. 270; State v. Huffman, 136 Mo. 58; State v. Clevenger, 20 Mo. App. 628; State v. Bach, 25 Mo. App. 554; State v. Smith, 31 Me. 386; State v. Fidment, 35 Iowa, 541; State v. Burke, 151 Mo. 136. (2) Challenge to jurors for cause should have been sustained, as they are disqualified by statute. R. S. 1909, secs. 7341, 7342; State v. Wellser, 117 Mo. 577; Williamson v. Transit Co., 202 Mo. 365; Theobald v. Transit Co., 191 Mo. 418. (3) The court erred in admitting incompetent and irrelevant testimony; in admitting testimony that was hearsay; conclusions of witnesses, and merely matters of opinion. It was error to permit the State to impeach their own witness, Wm. Ransom. State v. Shapiro, 216 Mo.

359; Joyce v. Transit Co., 111 Mo. App. 565; Cald-well v. Bank, 100 Mo. App. 23; Hamilton v. Crowe, 175 Mo. 634. It was error for the court to pass upon the credibility of witness Ransom. State v. McKen-zie, 177 Mo. 699; State v. Nolle, 96 Mo. App. 524; Briscoe v. Railroad, 118 Mo. App. 688; Dalton v. Pop-lar Bluff, 173 Mo. 39; Hugunin v. Hinds, 97 Mo. App. 346; Chenie v. Railroad, 100 Mo. App. 576. The court erred in permitting testimony as to the character and general reputation of the Modern Horse Shoe Club. Underhill, Crim. Evid., sec. 475; Wharton, Crim. Evid., sec. 260; State v. Mosby, 53 Mo. App. 571. (4) The verdict is indefinite and uncertain and conse-quently void. State v. Burke, 151 Mo. 146; State v. Pierce, 136 Mo. 34; State v. Rowe, 142 Mo. 442; 3 Graham & Waterman, New Trials, p. 1378; State v. DeWitt, 186 Mo. 67; State v. Cronin, 189 Mo. 671; State v. McGee, 181 Mo. 312; State v. Modlin, 197 Mo. 376; State v. Jones, 114 Mo. App. 343; State v. Gross-mann, 214 Mo. 233; State v. McCune, 209 Mo. 399; State v. Logan, 209 Mo. 401; State v. Hudson, 137 Mo. 618.

*Thos. B. Harvey* also for appellant.

(1) The indictment is indefinite and uncertain. It charges that the appellant did set up and keep ''one crap table, commonly so-called, and one poker table, commonly so-called, upon which dice and cards were used,'' etc. The most natural construction of this lan-guage is that both dice and cards were used in play-ing the game of chance for which the crap table was devised, and also in playing the game of chance for which the poker table was devised. Yet, when it came to a trial of the charge, the State's expert witnesses testified that only dice were used on the crap table, and only cards on the poker table. Therefore, the evi-dence did not sustain the charge, and the appellant's demurrer should have been sustained. Should it be

held that the effect of the language is to charge that dice were used on one table and cards on the other, then can it possibly be claimed that the appellant was advised by the indictment on which of the two gaming tables dice are used, and on which cards are used? Was there ever a clearer violation of the constitutional guaranty that the defendant shall be informed of the "nature and cause of the accusation;" and can it be seriously contended that this indictment does not do flagrant violence to the fundamental rule of criminal pleading that in all prosecutions for felonies, everything constituting the offense must be pleaded with certainty and clearness, and nothing left to be implied? From the infancy of this court this cardinal rule has been recognized and enforced. State v. Hardwick, 2 Mo. 226; Jane v. State, 3 Mo. 61; State v. Rector, 126 Mo. 328; State v. Evans, 128 Mo. 406. And the cases of State v. Derossett, 19 Mo. 383, and State v. Reakey, 62 Mo. 40, announcing that, notwithstanding the Statute of Jeofails, a clear, substantive charge is as necessary now as it ever was, have been consistently followed by this court. (2) The indictment is duplicitous—it charges two distinct felonies in one count. A timely motion to quash was interposed, both on the ground of uncertainty and because of duplicity, was overruled and exception duly saved. Each gambling table constituted a separate felony. State v. Montgomery, 109 Mo. 645; State v. Foncher, 71 Mo. 460; State v. Burke, 151 Mo. 139. If an indictment charges more than one felony in a single count, a motion to quash should be sustained. State v. Fox, 148 Mo. 524; 22 Cyc. 376A; State v. Carragin, 210 Mo. 351.

*Elliott W. Major*, Attorney-General, and *John M. Dawson*, Assistant Attorney-General, for the State.

(1) The information is valid, sufficient and charges the offense in the language of the statute.

Sec. 4750, R. S. 1909.   The prohibition contained in the statute includes the setting up and keeping of any kind of gambling device, adapted, designed and devised for the purpose of playing any game of chance for money or property.   State v. Rosenblatt, 185 Mo. 114; State v. Mathis, 206 Mo. 610; State v. Lee, 228 Mo. 480; State v. Hall, 228 Mo. 456; State v. Lockett, 188 Mo. 418; State v. Cannon, 232 Mo. 205.   (2) The indictment is not duplicitous.   State v. Mathis, 201 Mo. 604; State v. Rosenblatt, 185 Mo. 114; State v. Miller, 190 Mo. 449; State v. Cronin, 189 Mo. 663; State v. Lockett, 188 Mo. 415; State v. Hall, 228 Mo. 456.   (3) Appellant alleges in his motion to quash that the appellant was not given a preliminary examination, and that the grand jury that returned the indictment herein, was composed of persons of the Caucasian race; that appellant is of African descent, a citizen of Missouri and of the United States; that the indictment was returned in the circuit court of the city of St. Louis, and that about ten per cent of the population of the city of St. Louis are negroes and many of them qualified in law by their intelligence and standing in the community, to perform grand jury duties, and the fact that persons of the Caucasian race composed said grand jury was not the result of inadvertence and accident, but was done purposely and intentionally.   The summoning and impaneling of jurors are directory only.   State v. Jennings, 98 Mo. 493; State v. Mathews, 88 Mo. 121; State v. Gleason, 88 Mo. 582; State v. Pitts, 58 Mo. 556.   This record shows that the list of grand jurymen was selected in the usual way.   State v. Jackson, 167 Mo. 291; secs. 7341, 7342, R. S. 1909. Section 5068, Revised Statutes 1909, provides that no challenge to the array of grand jurors, or to any person summoned as a grand juror except those causes provided for in section 5067.   This section has been construed by this court to the effect that the only disqualifications that can be urged are those enumerated

in this section.   State v. Crane, 202 Mo. 54.   In State
v. Claybaugh, 220 Mo. 15, it was held that neither the
Constitution of Missouri nor of the United States un-
dertook to designate what shall be the qualifications of
either grand or petit jurors, and that the statute in
this State makes full provisions as to the qualifications
of both grand and petit jurors.   The qualifications of
a grand juror are purely statutory, and that statute
merely directory.   State v. Claybaugh, 220 Mo. 21.
The record shows that no grand juror was excluded
because he was a negro, or for any other reason.   The
grand jury was regularly impaneled, sworn and was a
legal grand jury.   State v. Glasscock, 232 Mo. 278.
(4)   Appellant complains of the action of the court
in overruling the challenge of the defendant to jurors,
because they were in the employment of a railroad
company, said objection being based upon section 7342,
Revised Statutes 1909.   This section enumerates per-
sons who are exempt from service of jury duty, and
among the exemptions are those "who are in the em-
ploy of any railroad company."   Appellant miscon-
strues this section because the exemption in said sec-
tion is personal to the juror, as the section provides,
"the name of no person shall be taken down who shall,
when called on by said commissioner, to establish to
the satisfaction of such commissioner, by competent
proof, and upon diligent inquiry made by said officer,
a legal exemption from jury duty," etc.   Williamson
v. Transit Co., 202 Mo. 345; Blyston v. Railroad, 132
S. W. 1175.   The statute exempting persons from jury
service is merely directory.   Moreover, no complaint
is made as to the incompetency of these jurors.   Fur-
thermore, appellant did not point out the statutory
exemptions.   Thompson & Merriam on Juries, sec. 34,
p. 31.   The constitutionality of such statute has been
doubted.   (5)   Challenges of a grand jury, or of its
members, are of two kinds, to the array and to the
polls.   The former is for some imperfection in the

constitution of the panel. The latter is for some disqualification of a juror. Sections 5067 and 5068, Revised Statutes 1909, comprise the provisions of challenge of the statute. No objection was made to any member of the panel before the jury was sworn. Objections must be made at the time before this court will consider them. State v. Bleakley, 18 Mo. 431; State v. Sartino, 216 Mo. 408; State v. Glasscock, 232 Mo. 278. Appellant complains that the verdict is not certain or definite, but on the other hand it is indefinite and uncertain, and consequently void. While it may not be in the best form, yet the jury found the defendant guilty of setting up and keeping a gambling device as charged in the indictment. In other words, they took the pains to put in the verdict that for which they were trying the defendant. The words "of setting up and keeping a gambling device" were not necessary to have been put in the verdict, yet, these words do not necessarily make the verdict uncertain or void. You cannot read the verdict without reaching the conclusion that it is correct, or that the jury found the defendant guilty of that for which they were trying him. It is true that where both burglary· and larceny are charged, a general verdict is not given, and where forgery and the uttering of the forgery is charged, a general verdict is not good, for the reason it is uncertain under the evidence upon which the jury found the guilt or innocence of the accused. We submit that this surely is sufficient. Sec. 4750, R. S. 1909; State v. Baldwin, 214 Mo. 290.

KENNISH, J.—Appellant was indicted in the circuit court of the city of St. Louis, at the October term, 1910, for the felony of setting up and keeping gambling devices in violation of section 4750, Revised Statutes 1909. The indictment, so far as material, is as follows:

"  . . . And that the said Ollie Jackson and one Theodore Washington, on or about the first day of July, in the year of our Lord, one thousand nine hundred and ten, at the city of St. Louis aforesaid, did unlawfully and feloniously set up and keep divers gaming tables and gambling devices, to-wit: one crap table, commonly so called, and one poker table, commonly so called, upon which dice and cards were used, which said gaming tables and gambling devices were adapted, devised and designed for the purpose of playing games of chance for money, property and poker chips, and did then and there unlawfully and feloniously entice and permit divers persons, to-wit: Richard Sydnor, William Ransom, Gus Watson, William Palmer, Lee Marion, Frank Slaughter, Mitchell Pearl, Thomas Shaw, Joseph Menears, Andrew Vaughn, and divers other persons to these grand jurors unknown, to bet and play at and upon and by means of said gambling tables and gambling devices; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

A severance was granted, and upon a separate trial the defendant was convicted and sentenced to the penitentiary for a term of two years. From the judgment and sentence he appealed to this court.

This is a companion case to the case of State v. Washington, decided at the present term of this court, 242 Mo. 401, and reference is here made to the statement of facts in that case, which was sufficiently similar for the purposes of this opinion. In addition to the facts stated in the Washington case, it is sufficient to say that there was ample evidence to prove the charge as made in the indictment.

I. The defendant filed a plea in abatement to the indictment which, in the record before us, is called a motion to quash. This plea was filed and disposed of before the severance, and attacked the indictment

242 Sup.—27

on the ground that the grand jury that returned it was not legally summoned and therefore because of the irregularities in its selection it was an unlawful body and the indictment invalid. The action of the court in overruling this plea in abatement was considered and approved in the case of State v. Washington, supra, and need not be further discussed in this case.

II. Upon the overruling of the defendant's plea in abatement, a motion to quash the indictment was filed, alleging the grounds (1) that the indictment was indefinite, vague and uncertain, and (2) that it was duplicitous in that it charged two separate and distinct offenses in one count. The motion to quash was overruled, and the defendant has properly preserved his exceptions for review on this appeal.

The motion to quash the indictment was properly overruled. The statute upon which the prosecution was based forbids the setting up or keeping of any gambling table or gambling device, etc. If the same person violates the statute by keeping more than one table, at the same time and place and as one transaction, there is no more reason for dividing such act into so many separate and distinct felonies as there were tables than there would be for making the number of felonies equal the number of animals stolen under the statute making it grand larceny to steal "any horse, mare, colt," etc. It is a felony to steal one horse, but the theft does not amount to two felonies because instead of one two are stolen. If the accused, as part of the same transaction and with the same felonious purpose, sets up and keeps two gambling tables, whether the same or different in kind, no valid reason can be given why he may not be prosecuted for such act as if he had set up and kept but one. Upon the trial of the case, if it should be developed by the evidence that the tables were not set

up or kept as one transaction, at the same time and place, then the State should be required to elect upon which table it would ask a conviction.

The complaint of vagueness and uncertainty in the indictment is too refined and technical to be seriously considered as a sufficient cause for reversing the judgment and granting a new trial. Whether dice were played upon one table only and cards upon the other, or whether both dice and cards were used upon either table indiscriminately, was a matter of evidence, and it does not follow as a question of law that the indictment was vague and uncertain by reason of those facts.

III. Section 7342, Revised Statutes 1909, of the jury law in force in the city of St. Louis, exempts from jury service, among others, persons otherwise qualified who are in the employment of any railroad company, and it is made the duty of the jury commissioner to omit from the list of jurors all persons found to be exempt from such service. It is further provided in the same section that it shall be the duty of the court to excuse from service as a juror any person whose *voir dire* examination discloses that his name should not have been placed on the jury list when such person is challenged for cause by any party to the suit.

Three of the talesmen on their *voir dire* examination testified that they were railroad employees, and the defendant challenged them for such cause. The court overruled the challenges and appellant, having saved his exceptions to such rulings, assigns error. Technically appellant did not bring his challenges for cause within the letter of the statute for, although it appeared that the jurors were in the railroad service when examined in court, it does not follow that they were in such service and therefore exempt at the time when placed upon the jury list by the commissioner.

But, waiving that question, there is nothing in the record to show that such jurors were not qualified to sit as jurors in the case except for the statute exempting them from being subject to jury duty, which may be regarded as directory, and as the defendant was not prejudiced by such ruling this court would not be authorized to grant a new trial upon that ground. We do not regard the case of Wiliamson v. Transit Co., 202 Mo. 345, as in conflict with the views herein expressed. While it would have been the safer course had the court sustained the objections to the jurors and thus have eliminated any question as to their qualifications, yet, for the reasons given. we must hold against the appellant upon this point.

IV.    Many objections were made and exceptions saved to the rulings of the court in the admission and exclusion of testimony, and such rulings are now urged as grounds for the reversal of the judgment. We have decided, upon a ground hereafter to be noticed, that a retrial of this case will be necessary, and in view of the many recent decisions of this court in cases bottomed on the same statute as the case at bar, we do not consider it necessary to take up in this opinion each one of such alleged errors. It is sufficient to say that as the charge is for keeping, as well as for setting up, the gambling devices described, and necessarily implies a period and lapse of time in the commission of the crime, so as to make it a continuing offense, any facts and circumstances connected with the place where the gambling device is kept during such time, tending to prove the charge, or concerning the conduct of the defendant in the management of such device, or any other gambling device in the same room or place and conducted as a part of the same plan or scheme, should be admitted in evidence.

V.    The verdict of the jury was as follows: "We, the jury in the above entitled cause, find the defendant

guilty of setting up and keeping a gambling device, as charged in the indictment, and assess his punishment at two years in the State penitentiary.''

Instruction numbered 1 in this case contains the same vice as the instruction condemned in the case of State v. Washington, supra, decided at the present term of this court. Under this instruction and the verdict returned the jury may have convicted the defendant of keeping either of the two tables charged, or some of the jurors may have agreed to a verdict of guilty as to one table, while the other members reached the same result as to the other table. The setting up and keeping of either table was an offense, and it cannot be determined from this record which of the tables charged the defendant was found guilty of setting up and keeping. The defendant is entitled to a concurrence of the minds of the twelve jurors upon one definite charge of crime, and the verdict must be definite and responsive to such charge.

For the reasons and under the authorities set forth in the Washington case we are constrained to hold the instruction was erroneous and in consequence thereof the verdict was indefinite and uncertain. For the reasons given the judgment is reversed and the cause remanded. *Ferriss, P. J.,* and *Brown, J.,* concur.