## THE STATE v. HUDSON, *Appellant*.

### Division Two, February 16, 1897.

**Criminal Practice**: BURGLARY AND LARCENY: SUFFICIENCY OF VERDICT. Defendant was indicted in separate counts for burglary and larceny. A trial resulted in the return of this verdict: "We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at imprisonment in the penitentiary for a term of three years." *Held*, that no valid judgment could be rendered on such an indefinite and uncertain verdict.

*Appeal from Harrison Circuit Court.*—HON. PARIS C. STEPP, Judge.

REVERSED AND REMANDED.

*J. M. Sallee* and *W. A. Reeves* for appellant.

(1) Burglary and larceny are separate and distinct offenses, and may be prosecuted by indictment in separate counts, or be joined in one count; and the jury may find the defendant guilty of either or both. R. S. 1889, sec. 3529; *State v. Hecox*, 83 Mo. 531; *State v. Owens*, 79 Mo. 619; *State v. Kelsoe*, 76 Mo. 505; *State v. Martin*, 76 Mo. 337; *State v. Hutchinson*, 111 Mo. 257. (2) It is made the duty of the court to

instruct the jury on all questions of law arising in the case whether asked or not. *State v. Palmer*, 88 Mo. 369; *State v. Hutchinson*, 111 Mo. 257. (3) In the case at bar the indictment contained two counts, one for burglary and one for larceny. The evidence offered on the part of the state went to both counts of the indictment, but the court wholly failed to instruct as to the larceny. The jury should have been instructed on both counts, and informed that they might acquit of burglary and convict of larceny, and what their verdict should be in each case, and it was error not to do so. *State v. Hecox*, 83 Mo. 531; *State v. Hutchinson*, 111 Mo. 257. (4) If for no other reason, defendant's motion for a new trial should have been sustained on the ground of newly discovered evidence. The motion was supported by proper affidavits, fully complying with every essential requirement of the law.

*E. C. Crow*, attorney-general, for the state.

(1) From a careful examination of the bill of exceptions, we are unable to find a single instance where objections were made on the part of the defendant to the introduction of evidence wherein he saved his exceptions. *State v. Hope*, 100 Mo. 354; *State v. Lawler*, 130 Mo. 366. (2) Appellant's motion for a new trial on account of newly discovered evidence fails to show that by diligence the evidence could not have been discovered before the trial was concluded. The witnesses, upon whom defendant relied for his newly discovered evidence, were sworn and examined in the trial of the cause. Defendant had opportunity, and, by due diligence and precaution, could have obtained the evidence from them. *State v. Cantlin*, 118 Mo. 100. (3) Defendant maintains that error is committed by the jury in returning a general verdict. He insists that

it should have been found upon both burglary and larceny, or should have specified upon which it was based. This objection to the verdict should have been brought to the attention of the trial court before the jury was discharged, so as to afford opportunity to modify and correct it. *People v. Davis*, 50 Ill. 199; *Water Co. v. Richardson*, 72 Cal. 609; *Algier v. Steamer Maria*, 14 Cal. 170, 171.

SHERWOOD, J.—The defendant was indicted in separate counts for burglary and larceny. A trial resulted in the return of the following verdict:

"We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at imprisonment in the penitentiary for a term of three years.

"JOHN BROWN, Foreman."

This verdict is so indefinite and uncertain, no count of the indictment being specified therein, that no valid judgment can be rendered thereon. *State v. Pierce*, 136 Mo. 34.

For this reason judgment reversed and cause remanded. All concur.