## THE STATE v. STEVE REEVES and ODIE REEVES, Appellant.

### Division Two, December 23, 1918.

1. **INDICTMENT: Charged As Principal and Accessories.** Under the statute (Sec. 4898, R. S. 1909) an accessory before the fact "may be charged, tried and convicted and punished, as the principal in the first degree," and therefore the necessity for formally charging defendants both as principals and as accessories before the fact does not appear.

2. **FORMER ACQUITTAL: Three Counts: Conviction and Reversal Under First: Verdict Silent Under Others.** Each of three counts of the indictment charged the commission of the same crime. The first count charged both defendants of murder as principals, and

the second and third charged each respectively as principal and as accessory before the fact. Upon the first trial both were found guilty of murder in the second degree under the first count, but the verdict was silent concerning their guilt under the second and third. They appealed and the judgment was reversed and the cause remanded. *Held*, that where a defendant is tried upon an indictment in three counts, each charging the same crime, and the jury returns a verdict of guilty under the first count but is silent as to the other two, there is no such implied acquittal, after the judgment is reversed and the cause remanded, as entitled defendant to be discharged. Silence of the first verdict as to the second and third count did not amount to an acquittal under those counts [Distinguishing State v. Headrick, 179 Mo. 300.]

3. **SUFFICIENT EVIDENCE: Conflict: Demurrer.** If the evidence is sufficient to submit the question of a defendant's participation in the homicide to the jury, a demurrer thereto should not be sustained, however strong and sharp the conflicting evidence may be.

4. **CROSS-EXAMINATION OF DEFENDANT: Preservation for Review.** Unless the motion for a new trial complains that the court erred in permitting the State to cross-examine defendants on matters upon which they were not examined in chief, the assignment will not be reviewed upon appeal.

5. **EVIDENCE: Uncommunicated Statements.** It was not error to refuse an offer to prove that about thirty days prior to the homicide deceased had said to a third party that he had been having sexual intercourse with defendant's sister, where the statement contained no threats and it does not appear that it was ever communicated to defendants.

6. **INSTRUCTION: Manslaughter: Provocation: Words: Threatening Acts.** Mere words or threatening actions are not sufficient provocation for the heat of passion which reduces murder to manslaughter. Therefore where there are no facts to remove the case from the operation of this rule, an instruction for manslaughter in the third degree which does not require the jury to find the heat of passion necessary to reduce the crime from murder to manslaughter is not erroneous.

7. ———: **Inclusion of Elements of Manslaughter in Third and Fourth Degrees.** Defendants cannot complain that an instruction is sufficiently broad to include within its terms elements of manslaughter in the third degree as well as elements of manslaughter in the fourth degree, if it confines any conviction thereunder to the smaller offense.

8. **VERDICT: Several Counts: General Verdict.** Where the several counts in the indictment charge the same crime of murder in the second degree a general verdict finding defendant guilty of murder in the second degree, without specifying the count, is sufficient.

9. ————: **Definite and Responsive to Charges.** A verdict to be valid
must be definite and certain and also responsive to the charges.
Therefore a verdict finding "Steve Reeves guilty of murder in the
second degree" and fixing his punishment at ten years' imprison-
ment and "the defendant Odie Reeves guilty of being an accessory
to the crime" and fixing his punishment at three years' imprison-
ment, is insufficient as to Odie Reeves, because it does not express
an intention to find him guilty of murder in the second degree or
of being an accessory before the fact, and did not authorize the
court, on the assumption that the jury had found him guilty of
murder in the second degree, to change the punishment to ten
years' imprisonment, the minimum penalty, and is too uncertain
to support any judgment.

Appeal from Mississippi Circuit Court.—*Hon. E. M.
Dearing*, Special Judge.

AFFIRMED (in part) and REVERSED AND REMANDED (in
part.)

*Haw & Brown* and *Russell & Joslyn* for appellants.

(1) The court erred in sustaining the demurrer to
the evidence on the plea in bar, which was filed by de-
fendants before they went to trial on the merits of the
cause. Under the law a verdict of guilty on one count
is an acquittal as to all other counts. State v. Brotzer,
245 Mo. 513; State v. Hess, 240 Mo. 161; State v. Grace,
230 Mo. 705; State v. Headrick, 179 Mo. 300; State v.
Patterson, 116 Mo. 511; State v. Whitten, 68 Mo. 95;
State v. McCue, 39 Mo. 112; State v. Kattleman, 35
Mo. 106; State v. Polk, 144 Mo. App. 326; State v.
Hale, 141 Mo. App. 701. By the same verdict Steve
Reeves was convicted of exactly the same offense on
the first count of which he was acquitted under the
second count, and Odie Reeves of the same offense of
which was acquitted on the third count. The verdicts
finding defendants guilty and not guilty of the same of-
fense entitled them to their discharge without further
trial. State v. Headrick, 179 Mo. 300; R. S. 1909,
sec. 4907. (2) It was reversible error for the
court to exclude the statements made by L. B. Pritchard

in the presence of Mike Riley and Boy Henderson, as these statements not only showed the language that deceased had used about defendants' sister, but also tended to show that the deceased was courting trouble with the Reeves boys and was prepared therefor. Such testimony is admissible for the purpose of throwing light upon the acts and conduct of deceased at the time of the difficulty and to show who was the probable aggressor in such difficulty. State v. Edwards, 203 Mo. 546; State v. Kelleher, 201 Mo. 636; State v. Bailey, 94 Mo. 316; State v. Elkins, 63 Mo. 164. (3) Defendants were entitled to an instruction that would permit the jury to convict of manslaughter in the third degree if the sudden heat of passion was aroused by a reasonable provocation, whether by striking, attempting to strike or otherwise, and the blow that caused death was struck without a design to kill. State v. Hanson, 231 Mo. 29; State v. Lane, 158 Mo. 572; State v. Elliott, 98 Mo. 150. Instruction 6 is subject to the objection that it precludes the jury from finding defendants guilty of manslaughter in the third degree because its terms are broad enough to include an assault without design to kill, describe the same method of killing as described in instruction 5, and require the jury to find defendants guilty of manslaughter in the fourth degree, unless they find that the killing was done in self-defense. Giving such contradictory and inconsistent instructions is reversible error. State v. Herrell, 97 Mo. 110; State v. McNally, 87 Mo. 658; State v. Simms, 68 Mo. 309; State v. Mitchell, 64 Mo. 191; State v. Fellers, 140 Mo. App. 723; Kelley's Criminal Law and Procedure (3 Ed.), sec. 393, p. 340. (4) No proper or legal verdict was returned by the jury and it was error for the court to change the verdict as returned or to render any judgment thereon or to assess any punishment against Odie Reeves thereunder. Some of the instructions in this cause did not confine the jury to the first count of the indictment and the verdict does not specify the count under which defendants are found

guilty. It also amounts to a special finding in stating that Odie Reeves is found guilty of being "an accessory to the crime" and is not responsive to the charge contained in the indictment or to the instructions: For these reasons no judgment could properly be based thereon. State v. Grossman, 214 Mo. 241; State v. Modlin, 197 Mo. 379; State v. DeWitt, 186 Mo. 68; State v. Jones, 168 Mo. 403; State v. Rowe, 142 Mo. 439; State v. Pierce, 136 Mo. 40; State v. Holland, 162 Mo. App. 681; State v. Pollock, 105 Mo. App. 278.

*Frank W. McAllister,* Attorney-General, and *Shrader P. Howell,* Assistant Attorney-General, for respondent.

(1) Examination of the record will disclose that the facts set out and the essence of the crime charged in count one, on which defendants were tried and convicted, differ from that found in counts two and three, and therefore the second trial on count one does not constitute former jeopardy. State v. Whitten, 68 Mo. 91; State v. Foley, 247 Mo. 633; State v. Laughlin, 180 Mo. 343; State v. Hess, 240 Mo. 158; State v. Burgess, 268 Mo. 420. (2) The plea of former jeopardy will not avail when a new trial is obtained at the instance of defendants. State v. Patterson, 88 Mo. 88; Sec. 23, Art. 2, Mo. Constitution; State v. Hays, 78 Mo. 605; State v. Goddard, 162 Mo. 198; Wharton's Criminal Law, p. 35. (3) Where the punishment assessed by the jury is below that authorized by statute for the crime for which the defendant is found guilty, the court has authority to fix the minimum penalty. Secs. 5254 and 5255, R. S. 1909; State v. Taylor, 261 Mo. 225; State v. McDonough, 232 Mo. 280; State v. Thornhill, 174 Mo. 372. By statutory provisions an accessory to the crime of murder is equally guilty and subject to the same punishment as the principal. Sec. 4898, R. S. 1909; State v. Lawson, 239 Mo. 601; State v. Sykes, 191 Mo. 68; State v. Van Wye, 136 Mo. 243; State v. King, 194 Mo. 485. (4) Mere words

of reproach, actions or gestures unaccompanied by personal violence are insufficient to reduce murder to manslaughter. State v. Fletcher, 190 S. W. 322; State v. Finley, 183 S. W. 298; State v. Barrett, 240 Mo. 169; State v. Schuster, 183 S. W. 298. (5) The slanderous statements alleged to have been made by deceased out of the presence of the defendants relative to their sister were obviously not admissible. State v. Barnett, 240 Mo. 101; State v. Greaves, 243 Mo. 540; State v. Fletcher, 190 S. W. 323; State v. Hale, 238 Mo. 512.

WILLIAMS, J.—Upon an indictment charging them with murder in the first degree, for the killing of one L. B. Pritchard, defendants were tried in the circuit court of Mississippi County, found guilty of murder in the second degree (except as to defendant. Odie Reeves, which will be discussed at length in the opinion) and each sentenced to ten years' imprisonment.

Defendants duly appealed. This is the second appeal in the cause. The opinion upon the first appeal will be found reported in 195 S. W. 1027, wherein a full statement of the facts are set forth.

The indictment was in three counts and was the same upon both trials. Since upon the first trial. a co-defendant, Devo Ross, was acquitted, we will refer to the indictment as though Ross were not named therein.

Each count of the indictment charges the defendant with murder in the first degree for the killing of said Pritchard. The *first count* charges that defendant Steve Reeves assisted in committing the murder by use of a "wooden stick four feet long, three inches wide and one inch thick, of the weight of about four pounds," and that defendant Odie Reeves likewise assisted by the use of "an instrument about the length of sixteen inches and the width of two inches and the thickness of one inch and of the weight of two pounds, of some hard substance and material, the exact kind to this grand jury unknown."

The *second count* charges that defendant Steve Reeves committed the murder by use of the above mentioned four-pound wooden stick and that defendant Odie Reeves was present, inciting, aiding and commanding Steve Reeves to commit said murder.

The *third count* charges that defendant Odie Reeves committed the murder by use of said unknown two-pound instrument and that defendant Steve Reeves was present, inciting, aiding and commanding Odie Reeves to commit said murder.

Upon the *first trial* the present defendants were found guilty of murder in the second degree under the first count, but the verdict was *silent* concerning the second and third counts. The judgment upon that verdict was reversed and the cause was remanded upon the first appeal. The verdict upon the *second trial* was for murder in the second degree (except as hereinafter explained), without referring to either count of the indictment.

Before the second trial was begun the defendants, by leave of court, filed a plea in bar setting up the claim of former jeopardy. It is unnecessary to set forth in full the allegations of the plea in bar. In substance it may be said to have presented the contention that since each of the three counts charged the same offense and since the verdict of guilty on the first count upon the first trial amounted to an acquittal on the second and third count, therefore, having once been acquitted of the offense, they could not again be tried therefor, but were entitled to be discharged.

The State filed a demurrer to the plea in bar, which was sustained.

Such further facts as shall be necessary to an understanding of the points now under review will be mentioned in the course of the opinion.

I.   Appellants' main contention for a reversal is that the court erred in sustaining the demurrer to their plea of former acquittal.

It will be seen by reference to the indictment that each of the three counts charge the commission of the same crime. The first count charges each as principal and the second and third count charges each respectively as principal and as accessory before the fact.

**Former Jeopardy.**

The real necessity for formally charging the defendants as accessories before the fact does not appear, since under the present law in this State such accessory "may be charged, tried and convicted and punished in the same manner, as the principal in the first degree." [Sec. 4898, R. S. 1909.]

But whatever may have been the purpose of the pleader it is immaterial here. We merely mention the foregoing rule to show that there can be no doubt but that the identical crime was charged in each of the three counts.

The exact legal question which the present case presents is this: When a defendant is tried upon an indictment in three counts, each charging the same crime, and the jury returns a verdict of guilty under the first count but is *silent* as to the two remaining counts, is there in law an implied acquittal upon the remaining counts and if so does such implied acquittal (after the judgment, upon appeal by defendant, has been reversed and the cause has been remanded), entitle the defendant to be discharged on the theory that he has been once acquitted of the crime for which he is again sought to be tried?

We have reached the conclusion that the above question must be answered in the negative.

Appellants contend that the *silence* of the verdict upon the first trial concerning the second and third counts (there having been an express verdict of guilty on the first count), amounted to an acquittal upon said counts, and that therefore this case should fall within and should be controlled by the rule announced in the case of State v. Headrick, 179 Mo. 300. That case in effect held that under an indictment in two counts (each count charging the same crime), the *express* ver-

dict of not guilty under the second count was a bar to the enforcement of an express verdict of guilty under the first count, and that the defendant should be discharged.

Whether the Headrick case was correctly ruled we are not now called upon to decide. It will be sufficiently timely to re-examine that case when the precise question there ruled is again presented and directly involved in the determination of a case. The fact that there was an *express* verdict of acquittal in that case, while, in the present case there was not, sufficiently distinguishes the two cases to relieve the Headrick case from serving as a useful precedent in the instant case.

It occurs to us that the principal error in appellants' contention in the case at bar is in assuming that the *silence* of the first verdict as to the second and third counts, amounted to an acquittal under those counts.

It is true, that appellant cites cases from this State using the general language that a verdict under one count amounts to an acquittal upon the remaining counts concerning which the verdict is silent. And such appears to be the general rule applicable in most states. But nowhere have we been able to find that the above general rule has ever been applied (certainly not expressly applied) to a situation where the separate counts charge the same crime.

The present point (as far as our research has extended) does not appear to have been frequently treated.

The only case, which we have been able to find, which discusses the exact point now under review is the case of Brown v. United States, 2 Ind. Ter. 582. In that case the rule, which we think is the correct one and here applicable, was stated as follows:

"If an indictment contain more than one count and different offenses are set up in the different counts, then, on conviction on one, and silence by the jury as to the other, the defendant stands acquitted as to the counts not mentioned in the verdict, and as to

those counts a plea of former jeopardy will be sustained, even though on the motion of the defendant the verdict of guilty on the count upon which he was convicted be set aside, and a new trial granted. In such case he can only be again put upon his trail on the count of the indictment upon which he had been convicted. But, when the different counts are simply formal variations in stating the same offense, then the granting of a new trial opens the whole case, and the defendant may be put upon his trial, and convicted upon any of the counts.'' [Id. l. c. 590-591.]

Any other view would, to our mind, lead to an absurdity. It would amount to saying that the *mere inference* of acquittal arising from the *silence* of the verdict as to certain counts was strong enough to overcome a verdict of guilty finding *expressly to the contrary* under a count charging the identical crime.

Under the facts stated in the plea in bar in the present case the silence of the first verdict as to counts two and three did not therefore warrant an inference of acquittal or amount to a verdict of acquittal thereunder. Since this is true, the plea in bar failed to state facts sufficient to show a former acquittal of the defendants, and the demurrer thereto was properly sustained.

II. It is contended that the court erred in failing to sustain a demurrer to the evidence as to defendant Odie Reeves. In this behalf it is insisted that there is no evidence to show that Odie Reeves struck deceased.

We are unable to agree with this contention. Witness Tom Bird testified that at the invitation of Odie **Demurrer** Reeves, Steve, Odie and himself were in the **and Evidence.** building to overhear an expected conversation between Pritchard (deceased) and Ross. That, shortly afterwards, Ross and Pritchard had the conversation and immediately thereafter Odie and Steve rushed together out of and around the corner of the building. That instantly he heard a lick struck and immediately thereafter "*they* came around in front of the door fighting and somebody

struck Pritchard and he fell." This witness further
testified that, while he was not sure, he thought he
saw Odie pick up, in the corner of the building as
he rushed out of the door, a round ash stick about the
size of a small hoe handle and that whoever struck
Pritchard the second time "struck him with something
like a hoe handle."

Witness Glen Pritchard testified that he reached
the door of the building and looked in just before Steve
Reeves and *another man* (whom the witness was unable
then to identify in the dark) rushed out of the door to-
wards the deceased; that he saw Steve strike his brother
(the deceased) but his brother knocked the lick off; the
weapon used looked like a piece of "two-by-four." The
witness then proceeds: "the other *party* rushed out
close on behind Steve and my brother was getting up and
he struck him in the head. *This party* had something
small in his hand that looked like it was a foot and a
half or two feet long; that looks like the same instru-
ment;    .  .  .    after the last blow was struck they
run south towards their home."

It was true there was strong evidence in sharp con-
flict with the above, but the foregoing was sufficient
to submit to the jury the question of Odie's participation
in the killing.

III. It is further contended that the court erred in
permitting the State to cross-examine the defendants
on matters upon which they were not examined in chief.
Concerning this point it is sufficient to
Cross-Examination     say that the same is nowhere men-
of Defendant.     tioned in or included within the al-
legations of the motion for a new trial, and it is there-
fore not properly preserved for appellate review.
Furthermore we might say, in passing, that our exami-
nation of the record does not disclose any error of this
kind which would, even, if properly preserved, warrant
a reversal of the case.

IV. Defendants offered to prove by witness Henderson that about thirty days prior to the killing, L. B. Pritchard (the deceased) told Mike Riley that he had been having sexual intercourse with defendants' sister; that in reply Mr. Riley said: "You had better stop telling that; if old man Dave Reeves hears it, he'll kill you;" and that thereupon Pritchard replied: "I don't give a dam about the Reeves knowing it; I'm not afraid of them; they won't hurt me." The court excluded the offer.

*Uncommunicated Statement.*

We are unable to discover wherein the above ruling was error. It does not appear that the statement had ever been communicated to defendants and that therefore it might have been admissible as explaining the purpose of defendants' presence at the scene of the killing. Neither was the statement a threat, and therefore admissible to show who was the probable aggressor.

V. Appellants complain that the instruction on manslaughter in the third degree was erroneous in that it precluded the jury from finding that the "heat of passion" necessary to reduce the crime from murder to manslaughter might have arisen from the words or threatening attitude of the deceased. It is the well-established general rule in this State that mere words or threatening actions do not supply sufficient provocation for the heat of passion which reduces murder to manslaughter. [State v. Sebastian, 215 Mo. 79; State v. Myers, 221 Mo. l. c. 620; State v. Barrett, 240 Mo. 160, l. c. 171; State v. Finley, 245 Mo. 465, l. c. 476.] There are no facts in the present record which would remove this case from the operation of the above stated general rule.

*Provocation.*

VI. The instruction on manslaughter in the fourth degree was as follows:

"The court instructs the jury that if you believe and find from the evidence that the defendants at the County of Mississippi and State of Missouri, on the 15th day of October, 1915, or at any time within three

State v. Reeves.

Elements
of Both
Degrees.
years next before the filing of the indictment herein, which was filed on the 20th day of October, 1915, killed L. B. Pritchard by beating him on the head and body with a stick or stick of wood or other instruments, and that such instrument was a dangerous and deadly weapon, *while defendants were in a violent passion, suddenly aroused by dedeceased having struck defendant Steve Reeves with his hand or fist,* or if you find and believe from all the facts and circumstances in evidence in this case that either one of the defendants, on or about the 15th of October, 1915, in Mississippi County, Missouri, in the manner and by the means defined in this instruction, did kill L. B. Pritchard, and that the other defendant was willfully present at such killing, advising or encouraging the same, you cannot find defendants guilty of murder in either degree, for in that case the law presumes that such beating and killing were not done of defendants' malice, but by reason of such passion. On the other hand, although you may believe from the evidence that defendants beat and killed L. B. Pritchard while defendants were in violent passion, suddenly aroused by a blow from the deceased, yet, if you shall further find from the evidences that such beating and killing were not done in self-defense, as hereinafter explained, you will find the defendants guilty of manslaughter in the fourth degree and assess their punishment at imprisonment in the penitentiary for a term of two years, or by imprisonment in the county jail for not less that six months nor more than twelve months, or by a fine not less than $500, or by both a fine not less than $100 and imprisonment in the county jail for not less than three months nor more than twelve months.''

Appellants contend that the above instruction permits the jury to find the defendants guilty of manslaughter in the *fourth degree* upon the same facts which would permit them under another instruction to find them guilty of manslaughter in the third degree.

It does appear that the instruction (when carefully read) is sufficiently broad to permit the inclusion within its terms of the elements of manslaughter in the third degree as well as the elements of manslaughter in the fourth degree, but since by the terms of the instruction, any conviction thereunder was confined to the lesser offense, to-wit, manslaughter in the fourth degree, it would appear that instead of the instruction being prejudicial it was beneficial to defendants.

Had the instruction permitted the jury to find defendants guilty of manslaughter in the third degree, then quite a different situation would be presented because in that event defendants might have undergone the danger of being convicted of the greater offense upon a finding of the facts which would only justify a conviction of the lesser offense.

· For the foregoing reasons we hold that instruction was erroneous. We are of the opinion that the error was not prejudicial.

VII. The jury returned the following verdict:

"We the jury, in the case of State of Missouri v. Odie Reeves and Steve Reeves find the defendant, Steve Reeves, guilty of murder in the second degree and fix his punishment at ten years in the penitentiary, and we find the defendant, Odie Reeves, guilty of being an accessory to the crime and fix his punishment at three years in penitentiary."

**Verdict.**

Thereafter (and on the theory that the jury had found Odie Reeves guilty of murder in the second degree, and had therefore erroneously fixed his punishment at three years), the court (attempting to exercise the authority granted under Section 5255, Revised Statutes 1909) made an order fixing the punishment of Odie Reeves at ten years' imprisonment in the penitentiary, the same being the minimum punishment for murder in the second degree.

Appellants contend:

(1)   The verdict as to defendant Steve Reeves is insufficient in that it does not specify the count under which he is found guilty.

(2)   It is insufficient as to defendant Odie Reeves, because it does not find him guilty of murder in the second degree, and is too indefinite and uncertain to support any judgment of conviction.

Concerning point one it is sufficient to say that since each count contained within its terms a charge of the identical crime of murder in the second degree, it was wholly unnecessary that the jury specify the count under which they found him guilty. [State v. Noland, 111 Mo. 473, l. c. 501; State v. Van Wye, 136 Mo. 227, l. c. 243; State v. De Witt, 186 Mo. 61, l. c. 67; State v. Martin, 230 Mo. l. c. 20.]

We are of the opinion that point two is well taken and that therefore the verdict as to defendant Odie Reeves was insufficient.

One of the prerequisites of a valid verdict is that it must be definite and certain. [State v. De Witt, 186 Mo. 61, l. c. 67; State v. Rowe, 142 Mo. 439. l. c. 442; State v. Pierce, 136 Mo. 34, l. c. 40.] It must also be responsive to the charge contained in the information. [State v. Miller, 255 Mo. 223, l. c. 231.]

In the case of State v. Pierce, supra, the following was quoted with approval from 3 Graham & Waterman on New Trials, to-wit: "The verdict must be certain, positive and free from all ambiguity. It must convey on its face a definite and precise meaning and must show just what the jury intended. An obscurity which renders it doubtful will be fatal to it." [Id. l. c. 40.]

Applying the above rule it becomes at once apparent that the present verdict as to Odie Reeves is insufficient. It finds him guilty "of being an accessory to the crime and fixes his punishment at three years in the penitentiary." The phrase "accessory to the crime" is indefinite both as to the kind of an accessory intended as well as to the exact grade of the crime of which he was found guilty. It is only an "accessory *before the fact*" that is to be held guilty

276 Mo. —23

in the same degree as the principal. [Sec. 4898, R. S. 1909.] Neither the indictment nor the instructions contain the word "accessory." What the jury intended, by the use of that word in the manner employed, we have no way of knowing.

It cannot be said that the verdict rendered clearly expresses the intention to find him guilty of murder in the second degree or of being an accessory *before the fact* to *murder in the second degree,* when the verdict in no manner undertakes to state the kind of an accessory intended, nor the facts necessary to constitute·him an accessory before the fact to the crime of murder in the second degree.

Other errors assigned are such as have either been determined upon the former appeal or have not suffi-cient merit to warrant discussion.

It follows from what has been said above that the judgment as to Steve Reeves should be affirmed, and that the judgment as to Odie Reeves should be reversed and the cause remanded. It is so ordered.

All concur.