233 S.W.2d 717 (1950)
STATE
v.
PERRY.
No. 41891.
Supreme Court of Missouri, Division No. 1.
November 13, 1950.
*718 Paul Ewing Allen, Jefferson City, for plaintiff in error.
J. E. Taylor, Atty. Gen., Philip M. Sestric, Asst. Atty. Gen., for respondent.
DALTON, Judge.
Defendant was convicted of robbery in the first degree by means of a dangerous and deadly weapon and was sentenced to ten years imprisonment in the state penitentiary. Secs. 4450 and 4453, R.S.1939, Mo.R.S.A. A complete record has been brought up for review on writ of error.
Plaintiff in error has filed a statement, brief and argument in this court in which he makes but one assignment, towit, that "the court erred in not sustaining defendant's motion for a new trial for the reason that the verdict in this cause was confusing and not certain, certain words being marked through and others added so that said verdict, as submitted to the court, was so unintelligible and confusing that the court was unable to ascertain what the jury intended or meant to do."
The information upon which plaintiff in error was tried and convicted was filed in the circuit court of Jackson county on the 8th day of September, 1948. It charged robbery in the first degree, towit, that plaintiff in error "on the 15th day of August, 1948, at the County of Jackson and State of Missouri, with force and arms, in and upon one Abe Guteovitz unlawfully and feloniously did make an assault with a dangerous and deadly weapon, towit: a pistol, loaded with gunpowder and leaden balls, and Forty-Five ($45.00) Dollars in lawful money of the United States, of the value of Forty-Five ($45.00) Dollars, the money, goods, chattels and personal property of the said Abe Guteovitz from the person and in the presence and against the will of the said Abe Guteovitz then and there by force and violence to the person of the said Abe Guteovitz and by putting the said Abe Guteovitz in fear of an immediate injury to his person, feloniously did rob, steal, take and carry away; against the peace and dignity of the State."
The information was duly signed and sworn to by the prosecuting officer and *719 it states an offense under Sec. 4450, R.S. 1939, Mo.R.S.A. State v. Clemons, 356 Mo. 514, 202 S.W.2d 75, 79; State v. Weiss, Mo.Sup., 142 S.W.2d 3. The allegation as to "an assault with a dangerous and deadly weapon, towit, a pistol, loaded with gunpowder and leaden balls" invoked the more severe penalty prescribed by the first provision of Sec. 4453, R.S.1939, Mo.R.S.A. State v. Vigus, Mo.Sup., 66 S.W.2d 854, 857.
Since the single error assigned by plaintiff in error does not involve the sufficiency of the evidence, it will not be necessary to review the evidence other than to say that the State's evidence tended to support the charge as set forth in the information and the evidence on behalf of plaintiff in error tended to support an alibi defense. The cause was duly argued and submitted and, thereafter, the jury returned into court a verdict which apparently had been in the following form, towit: "We, the jury, find the defendant Levester Perry guilty of Robbery in the First Degree as charged in the information, and assess his punishment at 10 yrs. in the state penitentiary." This form had been amended by striking out the word "assess" and writing above it the words "recommend that" and further inserting after the word "punishment," and above the line, the words "be assessed." The verdict was signed "Lois M. Patterson, Foreman." When the verdict was presented in open court the record shows the following proceedings:
"The Court: Is that your verdict in the case?
"The Foreman: Yes, sir.
"The Court: This verdict is not worded properly. It should read `assess his punishment' and not `recommend his punishment be assessed'." Will the foreman please come up and correct the wording? (Whereupon, the foreman stepped forward and made the changes requested by the Court.)
The verdict was corrected by striking out the words "recommend that," as hereinbefore referred to, and adding immediately thereafter the word "assess," and by striking out the words "be assessed" after the word "punishment." There is a caret after the word "and," where the words "recommend that" were written above and stricken out, and the word "assess" appears immediately thereafter and above the word "punishment." The verdict, as corrected, appears as follows:
 "We, the jury, find the defendant Levester
 Perry guilty of Robbery in the
 First Degree as charged in the information,
 recommend that assess
 and assess his punishment
 be assessed ^
 at 10 yrs. in the state penitentiary.
 "Lois M. Patterson
 "Foreman."
After the corrections, as stated, had been made the record shows the following:
"The Court: Is that your verdict?
"The Foreman: Yes, sir.
"The Court: Thank you."
Although plaintiff in error was present and represented by counsel, no objection was made to the form of the amended verdict at the time it was received and filed. Objection to the form of the verdict is made for the first time in this court.
The brief filed on behalf of plaintiff in error recites that the motion for a new trial contains an assignment that the verdict filed "is confusing and not certain, certain words being marked through and others added so that said verdict, as submitted to the court, was unintelligible and confusing so that the said circuit court was unable to ascertain what the jury intended to do." The motion contains no such assignment, but instead complains of the trial court's action in directing the modification of the verdict and other matters. However, the sufficiency of the verdict to sustain the judgment is properly presented for review, although the matter was not mentioned in the motion for a new trial. The verdict and judgment are parts of the record proper which it is our duty to examine whether error is assigned thereon or not, and any insufficiency of the verdict is open to question upon appeal or writ of error. State v. Modlin, 197 Mo. 376, 95 S.W. 345; State v. Person, 234 Mo. 262, 269, 136 S.W. 296; State v. Wilson, Mo.Sup., 34 S.W.2d *720 98, 101; State v. Meinhardt, Mo.Sup., 82 S.W.2d 890, 893; State v. Gronholt, Mo. Sup., 147 S.W.2d 440; State v. Huff, Mo. Sup., 173 S.W.2d 895.
One of the prerequisites of a valid verdict is that it must be definite and certain and responsive to the charge contained in the information. State v. Reeves, 276 Mo. 339, 208 S.W. 87, 91; State v. Jackson, 242 Mo. 410, 420, 146 S.W. 1166; 23 C.J.S., Criminal Law, § 1398, page 1077. This court has approved a rule which requires that "The verdict must be certain, positive, and free from all ambiguity. It must carry on its face a definite and precise meaning, and must show just what the jury intended. An obscurity which renders it at all doubtful will be fatal to it." State v. Reeves, supra; State v. Pierce, 136 Mo. 34, 40, 37 S.W. 815, 816. If, however, the verdict is definite in its finding in that it designates the offense with which the plaintiff in error is charged and if it prescribes a punishment authorized by statute, it is sufficient. State v. Gibson, Mo.Sup., 300 S.W. 1106, 1107; State v. Wilson, supra. "The verdict of a jury, even in a criminal case, is not to be tested by technical rules of construction. The controlling object is to ascertain the intent of the jury. If this is disclosed, the verdict is good though irregular in form." State v. Turpin, 332 Mo. 1012, 61 S.W.2d 945, 948; State v. Dimmick, 331 Mo. 240, 53 S.W.2d 262, 265; 53 Am.Jur. 716, Trial, Sec. 1036. This court has further held that "verdicts should be liberally construed in view of the intention of the jury and of the issues presented and all reasonable presumptions are indulged to sustain a verdict." State v. Meinhardt, supra, 82 S.W.2d 890, 893; State v. Thomas, Mo.Sup., 82 S.W.2d 885, 889; State v. Cutter, 318 Mo. 687, 1 S.W. 2d 96, 98; State v. Jordan, 285 Mo. 62, 225 S.W. 905, 907.
Examining the verdict as received and filed in this cause, we find it definite, certain and responsive to the charge contained in the information. While the verdict shows amendments by interlineation, yet in its final form the intention of the jury is clear, definite and certain. It is responsive to the issues and sufficient to sustain the judgment and sentence entered thereon. State v. Reich, 293 Mo. 415, 239 S.W. 835, 837; State v. Dickens, Mo.Sup., 285 S.W. 445, 447. The verdict was received and filed without objection and any mere irregularity in the form of the verdict was waived. State v. Hubbs, 294 Mo. 224, 242 S.W. 675, 677; State v. Ridge, Mo. App., 274 S.W. 496. The only case we have found, which involves a verdict amended by interlineation, is the case of State v. Dimmick, supra, where the verdict was held not fatally defective, though irregular in form. In that case in addition to interlineation, there was some misspelling of words.
Plaintiff in error cites the case of State v. Ervin, 344 Mo. 1029, 130 S.W.2d 580, where this court reversed a case on account of a nondecipherable and unintelligible instruction, but the verdict in this case has little in common with the instruction considered in that case.
The record shows that allocution was granted and plaintiff in error duly sentenced in conformity with the verdict of the jury. Secs. 1100 and 4102, R.S.1939, Mo. R.S.A., were fully complied with.
No errors appear from an examination of the record proper and it is not necessary for us to examine the assignments of error as contained in the motion for a new trial or in the application for the writ of error. Plaintiff in error having filed a brief in this court designating, briefing and arguing the assignment of error on which he relies for reversal of the judgment and sentence, all other assignments of error are considered abandoned. State v. Ramsey, 355 Mo. 720, 197 S.W.2d 949, 957; State v. Fitzgerald, Mo.Sup., 174 S.W.2d 211; State v. Davit, 343 Mo. 1151, 125 S.W.2d 47, 49; State v. Huett, 340 Mo. 934, 104 S.W.2d 252, 253.
The judgment and sentence is affirmed.