## THE STATE v. OTTO BROTZER, Appellant.

**Division Two, November 13, 1912.**

1.  IDENTICAL STATUTES: Prosecution Under Later. An earlier statute is repealed by a later one covering the same subject, and the carrying of it forward in subsequent revisions and its amendment after being so carried forward do not give it validity; and a prosecution based on it cannot stand.

2. ————: ————: Malicious Trespass: Telephone Wires: Secs. 3336 and 4597, R. S. 1909. But Sec. 3336, R. S. 1909, enacted in 1865, does cover exactly the same subject embraced in Sec. 4597, R. S. 1909, first found in R. S. 1855, and amended in 1901. Both make it a criminal offense to "injure, molest or destroy" telephone wires, but under Sec. 4597, the act denounced must be "willfully and maliciously" done and if so done is a felony, punishable by a penitentiary sentence, while under Sec. 3336 the trespasser may be punished if the injury is "unlawfully and intentionally" done, and the offense is a misdemeanor. They are not identical, and the later statute (Sec. 3336) did not by necessary implication repeal the earlier one (Sec. 4597) under which defendant was tried and convicted.

3. ————: ————: ————: ————: ————: Made Identical by Cognate Statute. Nor was said Sec. 4597, declaring that the trespass denounced must have been "willfully and maliciously" done, made identical with Sec. 3336 by Sec. 4629, found in the same article as is Sec. 4597, and authorizing an inference of malice in a prosecution for "malicious trespass or injury to property specified in this article" from proof that the act was "wrongfully, intentionally and willfully done." This section 4629 does not dispense with malice as an element of the offense denounced by section 4597, but simply authorizes an inference of malice from proof of certain other facts, thereby relieving the State from proof of malice in making a prima facie case.

4. MALICIOUS TRESPASS: Evidence: Threats. In a prosecution for malicious injury to a telephone wire connecting farm houses, testimony that defendant, when told that if he did not yield to an increased rate his telephone would be removed, threatened that if the company cut off his service he would "show them a good time getting by his phone," was competent, both upon the issue of malice and as tending to prove the commission of the offense.

5. ————: Nolle Prosequi as to Two Counts: Conviction Under Third of Offense Committed on Same Day Mentioned in One of Them. Where the three counts charge the one offense as having been committed on different days, and they differ in no wise except in so charging, a dismissal as to two of them entitles defendant to an acquittal if the offense was committed on either of the days specified therein. So that where the three counts in the information charged defendant with malicious injury to a telephone wire on February 3, 8 and 10, respectively, and the prosecuting attorney entered a *nolle prosequi* as to the second and third, the court should have given an instruction telling the jury that they could not convict if the evidence showed the offense was committed on February 8,

and it was error to instruct that they might convict if the evidence showed the offense was committed at any time within three years next before the filing of the information. The dismissal of the two counts amounted to an acquittal of the offenses charged therein, and in no way would such acquittal, and in no way would the law of former jeopardy, be available to defendant, if he could be convicted of the offense committed on either of the days specified therein.

6. ————: **Instruction: In the Disjunctive.** Where the information charged that the defendant "injured, molested and destroyed" certain telephone wires, an instruction authorizing a conviction if defendant did "injure, molest or destroy" said wires, is error. Although the statute makes it an offense either to "injure, molest or destroy" such wires, the instructions authorizing a verdict of guilty should not be in the disjunctive, but should require a finding of one particular act constituting the offense, or if more than one of the acts are set forth in the instructions they should be stated conjunctively.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis*, Judge.

REVERSED AND REMANDED.

*S. L. Sheetz* and *Paul D. Kitt* for appellant.

(1) The court erred in overruling defendant's motion to quash the information and demurrer thereto. The information was based on Sec. 1957, R. S. 1899, Sec. 4597, R. S. 1909, making the offense a felony. This section was repealed by implication by the original enactment, which is Sec. 1261, R. S. 1899, now Sec. 3336, R. S. 1909, prior to the time that the alleged offenses were charged to have been committed, the latter section having been passed last by the Legislature and making the offense a misdemeanor. St. Louis v. Alexander, 23 Mo. 509; Cape Girardeau v. Riley, 52 Mo. 428; State ex rel. v. Heidorn, 74 Mo. 411; Pool v. Brown, 98 Mo. 680; Dart v. Bagley, 110 Mo. 52; Paddock v. Railroad, 155 Mo. 535; Kern v. Legion of Honor, 167 Mo. 483; Yall v. Gillham, 187 Mo. 405; Brannock v. Railroad, 200 Mo. 568; Strottman v. Rail-

road, 211 Mo. 257; Gazollo v. McCann, 63 Mo. App. 419; State ex rel. v. Woodson, 128 Mo. 512; State ex rel. v. Shields, 230 Mo. 91; Miller v. County, 204 Mo. 198; Tinson v. Coal & Coke Co., 220 Mo. 592; State v. Taylor, 186 Mo. 608; State ex rel. v. Wardell, 153 Mo. 325; Bird v. Sellers, 122 Mo. 31. (2) Instruction 5 on behalf of the State allowed the jury to find the defendant guilty of the offense charged to have been committed on the 8th day of February, 1910. This was error. The court should have excepted in this instruction the offense alleged to have been committed on February 8, 1910. The second count of the information charged the commission of this offense on February 8, 1910; when the State entered into the *nolle prosequi* after the defendant had been put in jeopardy by the empaneling of the jury and the opening statement of the prosecuting attorney, defendant was thereby acquitted of the offense on February 8, 1910. And so the court should have directed the jury. Kelley Crim. Law & Practice, Secs. 220-230; State v. Patterson, 116 Mo. 505; State v. Snyder, 98 Mo. 561; 1 Bishop's New Crim. Law, Secs. 1013, 1014 (4 and 5), 1015 and 1016. (a) This instruction is also erroneous in that in the last paragraph it defines what the terms injure, molest and destroy mean, when there is no such definition given by the statute. And defendant contends that, the instruction should have been confined to the wording of the statute itself. The property should have sustained some damage which is appreciable before an offense is committed. Inconvenience will not suffice to constitute this offense. Sec. 4597, R. S. 1909; Pollet v. State, 115 Ga. 234; Patterson v. State, 41 Tex. Cr. 412. "Molest" means some actual damage done to property. Gilbert v. Wiman, 1 N. Y. 550, 49 Am. Dec. 359. (b) This instruction is further erroneous in that it did not require the jury to find the defendant, in wrapping and twisting the wire

in question over another wire, did so willfully and maliciously as the statute requires it should be done. State v. McClain, 92 Mo. App. 463. (3) It was error for the court to refuse instructions 1, 2, 3, and 9 asked by the defendant. In every offense of this nature, malice is essential before the defendant can be found guilty. State y. Prather, 130 Mo. App. 348. (4) Defendant's instruction 4 should have been given because the evidence relied upon by the State for conviction covered only the offense alleged to have been committed on February 8, 1910, while at the same time the record shows he had been acquitted of that same offense upon the *nolle* by the State of the second count of the information. The evidence in this case shows only one offense to have been committed, if at all, by the defendant; shows only one act and that was the act or offense of February 8. State v. Railroad, 219 Mo. 156; State v. Lee, 228 Mo. 494; State v. Palmberg, 199 Mo. 233; State v. Wilson, 39 Mo. App. 184.

*Elliott M. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for the State.

(1) The repeal of statutes by implication is not favored by the courts. State v. Bishop, 41 Mo. 16; Road District v. Huber, 212 Mo. 551. "The presumption is always against the intention to repeal where express terms are not used." 36 Cyc. 1071. "To justify the presumption of an intention to repeal one statute by another, either the two statutes must be irreconcilable, or the intent to effect a repeal must be otherwise clearly expressed." · 36 Cyc. 1071. At the time appellant contends that the "corporation section" repealed the "criminal section," there was no repugnancy or conflict between these two sections. Then, they were practically identical. Both provided that persons who tampered with the property of telegraph companies were criminally liable. The "criminal section" used the terms "willfully and maliciously," and

the "corporation section" read "unlawfully and intentionally." There is no substantial difference in these terms. State v. McKee, 126 Mo. App. 530. Both sections provided for punishment by fine and by imprisonment in the penitentiary. There was certainly no such irreconcilable repugnancy as is deemed necessary before a statute may be repealed by implication. (2) The "corporation section" was repealed in effect by the act of the Legislature, in Laws 1901, p. 129, and the "criminal section" by that act amended. The Court of Appeals has held that one of these statutes was repealed by the other, as they were at that time essentially incongruous, and the repealing statute is that which last received the attention of the Legislature. Therefore, that the "corporation section" was repealed by the "criminal section" which was last amended by the Legislature in 1901. State v. McKee, 126 Mo. App. 531. Other rules of statutory construction could be invoked to show that the "criminal section" was the repealing section and that it was the apparent intention of the Legislature that the "criminal section" should stand and the "corporation section" be repealed. It has been held that an amended act is ordinarily to be construed as if the original statute had been repealed, and a new and independent act in the amended form had been adopted in its stead. Kamerick v. Castle, 21 Mo. App. 587; Epperson v. Insurance Co., 90 Mo. App. 432. (3) This is a case in which the averment in the information of the precise time of the commission of the offense is not material. The information charged in three counts the commission of three offenses. Two counts were dismissed by *nolle prosequi.* One offense still remained, and in this case, which is not one where time is of the essence of the offense, the proof could have shown that the offense occurred at any time within three years before the date of the filing of the information and a conviction must stand, under the Statute of Jeofails. Sup-

pose the proof does show that the offense charged in the count on which the case was tried occurred on February 8, still that does not necessarily lead to the conclusion that the offense proved was the same act as the alleged offense set up in the count which was dismissed. One or two or half a dozen offenses may have occurred on the same day. Time was not of the essence of the offense charged and counsel cannot make time alone show the identity of this offense. Appellant was charged to have comitted an offense "on or about the third day of February, 1910," and the overwhelming proof submitted by the State shows that he committed the offense as charged on one of the early days of February, 1910. The Statute of Jeofails, Sec. 5115, R. S. 1909, cures all variance between the time charged by the information and that shown by the proof.

KENNISH, J.—At the April term, 1911, of the circuit court of Livingston county, appellant was tried upon an information based upon Sec. 4597, R. S. 1909, charging him with the felony of willfully and maliciously injuring, molesting and destroying the lines and wires of the Bedford-Wheeling Telephone Company. He was found guilty, his punishment assessed at a fine of one hundred dollars, and from the judgment entered on the verdict, he has appealed to this court.

The information was in three counts, which were substantially identical, except as to the dates on which the offenses were alleged to have been committed. The first count charged the commission of the offense on February 3, 1910, the second on February 8, 1910, and the third on February 10, 1910.

After the jury had been impaneled and sworn to try the cause, the defendant moved that the State be required to elect as to the count upon which the trial should proceed. This motion was sustained by the

State v. Brotzer.

court, and the prosecuting attorney elected to stand upon the first count, being the count which charged the offense to have been committed on February 3, 1910, and entered a *nolle prosequi* as to each of the remaining counts.

The testimony for the State tended to prove the following facts:

At the date of the alleged offense, and for some time prior thereto, the Bedford-Wheeling Telephone Company, an unincorporated association, owned the telephone lines and exchanges in the towns of Bedford and Wheeling, in Livingston county, and also a telephone line between the two towns. On the telephone poles of the company between the towns were two wires. One of them was used by the company for the transmission of messages between the towns, and the other belonged to and was used by the defendant and other joint owners of the Bedford-Wheeling Telephone Company as a private party wire. In the latter part of December, 1909, the owners of the Bedford-Wheeling Telephone Company held a meeting at which it was determined to extend their lines and to make an assessment upon each of the joint owners to meet the expense of the extension. The defendant was opposed to the extension and refused to pay his assessment. One of the managers of the company informed defendant that unless he paid his assessment his party-line service would be discontinued on the company's switchboards. Defendant replied that if they cut off his service he would "show them a good time getting by his 'phone." The defendant's party-line service was discontinued. After that the company's line between Bedford and Wheeling frequently got out of order, especially after the defendant had passed over the road along which the two wires were strung. Several times when investigations were made to ascertain what was wrong with the wires, it was found that the

two wires had been entangled by one of them being twisted about the other. In the early part of February, 1901, the telephone company employed Ike Jamison, the constable of the township, to watch its line and endeavor to ascertain who was interfering with the wires. Jamison was a witness at the trial and testified that on or about February 8, 1910, he saw the defendant and the defendant's wife and son-in-law on the public road along which the wires ran; that defendant was on horseback, but that his wife and son-in-law were each driving a wagon loaded with household goods; that he saw the defendant ride out to the side of the road, reach up to the telephone wires and twist one of them about the other. Two section hands who were working nearby were called by Jamison to witness the condition of the wires. They corroborated him as to the fact that one of the wires was twisted about the other but they gave no testimony as to who had committed the act.

The evidence for the defendant tended to show the following facts:

The date on which the defendant, his wife, and his son-in-law passed along the road, as testified to by Jamison, was February 8, 1910. The defendant was on horseback, driving some loose horses, and was following the wagons in which his wife and son-in-law were hauling the household goods. At the point where Jamison testified to having seen defendant molest the wires, the lower wire was so near the ground that defendant could not ride under it. When defendant passed that point he was riding at a rapid gait in order to prevent the loose horses from turning into a byroad and in passing under the wires he took hold of the lower one and threw it up over his head, simply for the purpose of getting it out of his way. The defendant was corroborated by a number of witnesses as to the fact that the wire was so near the ground at the point in question that a person on horseback or in a

buggy could not pass beneath the wire without raising it up.

The defendant asked an instruction telling the jury that since the State had entered a *nolle prosequi* as to the offense alleged to have been committed on February 8, 1910, he could not be convicted of that offense. The court refused the instruction and by another, which it gave, authorized the jury to convict if they found and believed from the evidence that the offense was committed by the defendant at any time within three years prior to the filing of the information.

I. Appellant maintains that the judgment should be reversed for the reason that Sec. 4597, R. S. 1909, under which he was prosecuted and convicted, was repealed by a later statute, now Sec. 3336, R. S. 1909. This question was raised below by demurrer and by motion to quash, both of which were overruled; also by an instruction which the court refused. Each of such rulings was properly preserved for review. The contention is not that the later act expressly repealed the earlier act, but that the later covered the whole subject of the earlier and was intended as a substitute therefor, and therefore that it operated as a repeal by implication. A proper consideration of this question necessitates a brief review of the legislative history of the two statutes, each of which makes it a criminal offense to injure, molest or destroy telegraph or telephone property.

The first legislation upon the subject is found in the Session Laws 1850-51, p. 287, Sec. 7. That section, as originally enacted, was as follows:

"Any person who shall intentionally and unlawfully injure, molest, or destroy any of the lines, wires, posts, piers or abutments, or any of the materials or property of such company, owner or association, shall on conviction thereof, be deemed guilty of a misde-

meanor, and be punished by fine not exceeding five hundred dollars, or imprisônment not exceeding two years, or both, at the discretion of the court having cognizance thereof.''

Without an express repeal of the Act of 1851, the following section was enacted by the Legislature in 1865 (Session Laws 1865-66, p. 47, Sec. 15), namely:

''Any person who shall unlawfully and intentionally injure, molest, or destroy any of the lines, posts, piers, abutments, or other material or property pertaining to any line of magnetic telegraph, erected in this State, shall be deemed guilty of a misdemeanor, and shall, upon indictment in the court having criminal jurisdiction in the proper county, be punished by fine not exceeding five hundred dollars, or by imprisonment in the penitentiary, not exceeding one year, or by both such fine and imprisonment, at the discretion of the court having cognizance thereof.''

In 1879 (R. S. 1879, Sec. 889) the section was amended by including telephone property within its provisions, and since 1879 the section has been carried forward without change in each revision of the Revised Statutes, and is now Sec. 3336, R. S. 1909.

The section under which defendant was convicted first appeared as Sec. 63, page 585, R. S. 1855, and was as follows:

''Every person who shall willfully and maliciously injure, molest, or destroy, any of the lines, wires, posts, piers or abutments, of any telegraph company, owner or association, or any other materials or property of such company, owner or association, used in or about the transmission of dispatches or other communications, shall, upon conviction, be punished by imprisonment in the penitentiary for the term of two years, or by fine, not exceeding five hundred dollars.''

This act did not expressly repeal the Act of 1851. It likewise has been carried forward in each revision

of the statutes and is now Sec. 4597, R. S. 1909. The only change made in this section since its adoption was in 1901 (Session Laws 1901, p. 129), when it was also amended so as to include the property of telephone companies.

The two foregoing enactments have appeared in our statutes as a part of the laws of this State for more than forty years. They have one element in common, in that both make it a criminal offense to "injure, molest or destroy" the wires mentioned. However, there has always been this difference between the two acts, namely: To come within the interdiction of the law under section 4597 it is essential that the act denounced be "willfully and maliciously" done, while under section 3336 all that is required is that the act be done "unlawfully and intentionally." There is the further difference that the offense which makes malice an ingredient has always been a felony and punishable by a higher penalty, while the other has always been a misdemeanor.

The precise point made by appellant is that when section 3336 was enacted in 1865, section 4597, an older law, was repealed by implication, for the reason that the later act covered the same subject and was the last expression thereon of the law-making body; that being so repealed, the incorporation of section 4597 in the subsequent revisions of the statutes, and the attempted amendment thereof in 1901, did not give it vitality.

Conceding the correctness of appellant's assumption that the later act covered the same subject as the earlier, his reasoning is sound and his contention should be sustained. However, we are of opinion that there is not identity of subjects in the two acts and that the Legislature did not intend section 3336 to operate as a repeal of section 4597. All that is necessary to allege or prove under section 3336 is that the act charged was done unlawfully and intentionally. The animus of the defendant is not an element of the crime

and need not be averred or proved. Under section 4597 malice is an element of the offense and an issuable fact to be determined by the jury. In a prosecution under the latter section, if the jury should find that the act charged was not willfully and maliciously committed it would be their duty to acquit. The difference in the language of each section, characterizing the intent with which the act is done, ordinarily would leave no doubt that the two sections describe essentially distinct offenses. The contention that each section covers the same subject grows out of the construction placed upon Sec. 4629, R. S. 1909, authorizing an inference of malice from proof that the act was "wrongfully, intentionally and willfully done." Said section 4629 is as follows:

"It shall not be necessary to show on the trial of any offense for malicious trespass or injury to property specified in this article that the offense was committed from malice conceived against the owner of the property, or against the animal or property injured; but if the act was wrongfully, intentionally, and willfully done, it may be inferred that it was done maliciously."

In the enactment of the section just quoted, it was not the intention of the Legislature to dispense with malice as an element of the offense in malicious mischief statutes, but rather to authorize an inference of that element of the crime upon proof of certain other facts, thereby relieving the State from proof of malice in making a prima facie case. It was still open to the accused to prove, as a complete defense to the charge, that though the act was unlawfully and intentionally done, it was not done maliciously. This view of the statute is supported in Kelley's Crim. Law & Prac., Sec. 766, in the following language:

"Willfully and maliciously, as used in these statutes, imply an intention to do harm by committing the injury, or an evil and wicked intention to do mis-

chief, however general. If the act is proved to have been done intentionally and willfully, it may be inferred to have been done maliciously, unless the contrary be shown." See also State v. Graeme, 130 Mo. App. 138, and State v. Prater, 130 Mo. App. 348. Construing a malicious mischief statute in the Graeme case, supra, it was decided, as stated in the third syllabus, that:

"In the prosecution of an employee of a telephone company under Sec. 1959, R. S. 1899, for maliciously destroying certain trees growing along the sidewalk, to prevent their interference with the company's wires and poles, in order to authorize a conviction, it was necessary for the jury to find that the act was wantonly or maliciously done and an instruction authorizing a conviction without finding the element of malice was error."

Our attention is called to the case of State v. McKee, 126 Mo. App. 524, as being in conflict with the views herein expressed. If that case is to be understood as holding that the "evil animus" of the defendant is not an element of malicious mischief statutes, then it is not in accord with the doctrine of the later cases of State v. Graeme, supra, and State v. Prater, supra.

Our conclusion is that the two statutes define two distinct offenses of radically different grades of culpability and provide punishment meted accordingly. They do not cover the same subject, are not repugnant, and therefore the enactment of section 3336 did not operate as a repeal of section 4597.

II. Appellant complains that the court erred in admitting, over his objection, testimony tending to prove statements made by him out of court, in which he threatened, using profane language, that if the company cut off his service he would "show them a good time getting by his 'phone." This testimony was

clearly competent, both upon the issue of malice and as tending to prove the commission of the offense.

III.   The information was in three counts and charged three separate offenses, the only difference being in the dates of their commission.   After the jury was sworn to try the case the prosecuting attorney entered a *nolle prosequi* as to the second and third counts and elected to proceed to trial upon the first. The second and third counts alleged the dates of the crimes charged respectively as of February 8, 1910, and February 10, 1910, while in the remaining count the date alleged was February 3 of the same month. Upon the trial the State, over the objection of the defendant, was allowed to introduce evidence tending to prove an offense committed on February 8, being the date alleged in the second count.   Among other instructions the defendant requested the following, which the court refused, namely:

"You are instructed that under the information in this case as filed, there were three counts therein charging the defendant with the twisting and entangling of the wires on each of the dates, to-wit, February 3, February 8, and February 10, 1910, and after the jury had been impaneled and sworn to try the cause, and after the State had made its opening statement to the jury, and after the defendant had moved the court to require the State to elect on which count of its said information it would proceed to trial, the State entered a *nolle prosequi* as to the second and third counts of said information, which were the offenses alleged to have been committed on February 8 and February 10, 1910; that by said action of entry of a *nolle prosequi*, the defendant was acquitted of the offenses alleged to have been committed by defendant on February 8 and February 10, 1910, and therefore you cannot find defendant guilty of any of said alleged

offenses committed on the 8th and 10th days of February, 1910.''

We think the defendant was entitled to this' instruction and that it was error to refuse it. When the jury was sworn to try the case the defendant was placed in jeopardy upon each of the offenses charged. The *nolle prosequi* as to the second and third counts operated as an acquittal thereof. [State v. Patterson, 116 Mo. 1. c. 511, and cases cited.]

In the Patterson case, supra, this court said: ''As the defendant was tried and convicted on this count, it is unnecessary to notice the other counts further than to say that the jury, having found the defendant guilty as charged in the third count, that this amounted to an acquittal of the charge in the first count. [State v. Whitton, 68 Mo. 91; State v. Hays, 78 Mo. 600.] And that as the defendant was put on his trial on the second count, and thus placed in jeopardy, the dismissal by the prosecuting officer as to such count operated an acquittal of that count. [Wharton's Criminal Practice and Pleading, Sec. 383 and cases cited.]''

The learned Attorney-General contends that as one count was left in the information, upon which the defendant was tried, and that as time is not of the essence of the offense, it was competent for the State, under the Statute of Jeofails, to prove the commission of the offense at any time within three years next before the filing of the information. There is no doubt as to the correctness of the Attorney-General's position if the information had contained but one count and there had been in the case no question as to former jeopardy or acquittal upon the other counts. However, when the only difference between offenses is the date, and there has been an acquittal or former jeopardy as to one or more, there is in such case an exception to the general rule that time, within the period of limitation, is not material. Time then becomes material and is the only means by which the accused can

State v. Brotzer.

protect himself against being twice placed in jeopardy for the same offense.

This question was before the Court of Appeals in the case of State v. Wilson, 39 Mo. App. 184, in which ROMBAUER, P. J., speaking for the court (l. c. 185) said: "We concede that the date, on which the alleged offense was committed, is generally immaterial, and that proof that the offense was committed within one year before the finding of the indictment will suffice, although such proof does show that the offense was committed on some other day than the day mentioned in the indictment. But the general rule is inapplicable to cases where the offender has been tried for the same offense, on other indictments covering the same period, and where the exact date is the only distinguishing feature between one indictment and another. We had occasion to refer to this in Town of Kirkwood v. Autenreith, 21 Mo. App. 75. Were the rule otherwise, a defendant might be convicted any number of times for the same offense."

It is true that in the Wilson case it was shown by the testimony that the witnesses for the State had testified to the same facts upon former trials and upon similar charges against the defendant, but that fact does not distinguish it from the case at bar, in which the prosecuting attorney, after entering a *nolle prosequi* as to the second and third counts, introduced testimony under the first count, tending to prove the identical offense charged in the second count. The information charged but one offense of that date, to-wit, February 8, 1910. The testimony did not show more than one offense on that date, and the record showed an acquittal of the offense charged to have been committed on that date. As the only distinction between the three counts was the dates, how could the defendant be given the benefit of an acquittal of the offense charged in the second count, unless it could be identified by its date? The *nolle prosequi* conferred upon

the defendant full immunity from a retrial for that crime and we think he was clearly entitled to the refused instruction.

IV.   The information charged that the defendant, at the time and place designated, "injured, molested and destroyed the wires," etc.   Instruction numbered 5 authorized a verdict of guilty upon a finding that the defendant did "injure, molest, *or* destroy," etc. The verdict in a criminal case must be responsive to the charge and definite and certain as to the crime of which the defendant is convicted.   While it is made an offense by the statute either to injure, molest, or destroy wires in the manner described in the statute, the instructions authorizing a verdict of guilty should not be in the disjunctive, but should require a finding of one particular act constituting the offense; or if more than one of the acts are set forth in the instructions, they should be stated conjunctively.   [State v. Washington, 242 Mo. 401; State v. Jackson, 242 Mo. 410.]

Other errors are assigned by appellant which, in view of the disposition made of the case, we do not deem it necessary now to decide.   The judgment is reversed and the cause remanded.

*Brown, P. J.,* and *Ferriss, J.,* concur.