## Ex Parte FRANK HUTCHENS, Petitioner.

### In Banc, December 20, 1922.

1. **CONSTITUTIONAL LAW**: Amendment of Statute: Two Sections Mentioned in Title: Charged with Violation of Only One. Where defendant is charged with the violation of Section 3247, Revised Statutes 1919, as amended by the Act of 1921, Laws 1921, p. 284a, and seeks release on the ground that said statute as amended is in conflict with Section 28 of Article 4 of the Constitution, declaring that no bill shall contain more than one subject, which shall be clearly expressed in its title, and the title of the amendatory act read: "An Act to amend Sections 3247 and 3248 of the Revised Statutes of Missouri 1919, by striking out certain words and inserting certain words in lieu thereof, relating to the consent of

females," he is concerned with the validty of said amendatory act only in so far as it purports to amend Section 3247, and the invalidity of Section 3248 embodied in said amended act does not affect his rights unless its invalidity is so conjoined with Section 3247 as to render Section 3247 as amended violative of said section of the Constitution.

2. ———: Amended Statute: Incorporation in Revised Statutes. The validity of a statute is not affected by its incorporation in the Revised Statutes, and the fact that the Revision Committee inserted an amended section in the Revised Statutes, instead of the section as it stood before it was amended and as it stood when the act creating the committee and authorizing it to compile existing statutes was enacted, in no wise affects the validity of the amended section. The act creating the Revision Committee and defining its powers and duties did not confer upon it legislative powers, but simply conferred upon it powers of compilation and arrangement, which is purely clerical or mechanical.

3. ———: ———: ———: Accomplishment of Legislative Purpose. The elimination from the Revised Statutes of a section whose potency has been destroyed by an amendment, and the incorporation therein of the amended section, although the amendatory act was passed at a special session after the committee was created and before it completed its labors, is a more effectual accomplishment of the purpose of the Legislature in enacting a law creating a revision committee to compile the existing laws than would be the retention of said old section.

4. ———: Amending Statute: Reference to Section Number: Effect on Intermediate Amendment. When a section of the Revised Statutes is amended, and a later amendment is enacted, which by its terms purports to amend the original section, reference being made thereto by number, the last amendment applies to the intermediate amendment, which took the place of the original section.

5. ———: ———: ———: Sufficient Title. Amendments to an existing section of the Revised Statutes may be made by an act whose title refers only to the section by number.

6. ———: ———: ———: Subject-Matter: Rape: Changing Age of Consent. The title of the amendatory act was: "An Act to amend Sections 3247 and 3248 of the Revised Statutes of Missouri 1919, by striking out certain words and inserting certain words in lieu thereof, relating to age of consent of females." *Held*, that the title is not misleading, but serves as a clear and comprehensive indicator of the purport of the act. *Held*, also, that while the

crime of rape constitutes the subject-matter of the amended sec-·
tion, the phrase "age of consent of females" has reference to the
age at which females are to be deemed capable of consenting to
sexual intercourse, and refers, not to the words to be stricken out
or inserted, but to the subject-matter, and may be viewed as af-
fording a basis for the classification of the different kinds of rape
denounced by the statutes; and the words "age of consent" have a
reasonable and material connection with the subject-matter of the
amendment, and hence are not inimical to the section of the
Constitution declaring that no bill shall have more than one sub-
ject, which shall be clearly expressed in its title.

7. ——: ——: ——: Penalty. The failure of the title, other-
wise sufficiently clear and comprehensive, to refer to the penalty
prescribed in the body of the act for its violation, will not render
the act invalid.

*Habeas Corpus.*

WRIT QUASHED.

D. E. *Killam* and *Emil P. Rosenberger* for peti-
tioner.

*Derwood E. Williams* and *Robert L. Sutton* for
Sheriff Ed. Mitchell.

WALKER, J.—The petitioner was charged by in-
formation in the Circuit Court of Lincoln County with a
violation of Section 3247, Revised Statutes 1919, as
amended, Laws 1921, page 284a, in carnally knowing a
girl of the age of fifteen years. Petitioner seeks release
on the ground that the statute as amended is in conflict
with Section 28, Article 4, of the State Constitution,
which provides that no bills save those in regard to ap-
propriations and to certain unforseen emergencies shall
contain more than one subject, which shall be clearly ex-
pressed in its title. The title of the bill is as follows:
"An Act to amend Sections 3247 and 3248 of the Revised
Statutes of Missiouri 1919, by striking out certain words
and inserting certain words in lieu thereof, relating to
age of consent of females."

I.   We are concerned in the determination of the contention of the petitioner with the validity of the Act of 1921 alone so far as it purports to amend Section 3247. Under this act as amended is the petitioner charged, and only to the same will he be required to answer.   If, therefore, the act is in other respects valid, the invalidity of the amendment to Section 3248, embodied therein, is immaterial, provided its invalidity, which we do not admit and it is not necessary to be determined, is not so conjoined with or in other respects does not so affect Section 3247 as to render it, as amended, inimical to the constitutional provision referred to.

Invalidity of Section 3248: As Affecting Section 3247 of Same Act.

While the amendatory act may be held to deal only with a single subject-matter, to-wit, rape, the sections amended have reference to clearly separable facts relative to the age of consent, which, in a given case, are necessary to a commission of the offense.   Under such circumstances if it be conceded that Section 3248, as amended, is invalid, it is clear that the invalid portion was not an inducement to the enactment of the amendment to Section 3247 and that the latter, as amended, may be enforced after the elimination of all reference to the former.   If this be true, Section 3247, as amended, is not subject to valid criticism as in violation of the Constitution. This conclusion finds approval in the rule that the invalidity of one part or section of an act will not subject others therein to a like infirmity.   [State ex rel. v. Southern, 265 Mo. l. c. 290;   State v. Railroad, 253 Mo. l. c. 656; 25 R. C. L. 840.]

II.   It is further contended that the Statutory Revision Committee of 1919 did not comply with Section 7082, Revised Statutes 1919, defining the committee's powers, in that it inserted in the compilation of the

Revised Statutes of 1919, Section 4471,

Laws 1919, p. 780, defining the punishment of rape, which was enacted at an extra session of the Legislature convened by the Governor subsequent to the creation of the revision committee, instead of incorporating the same section as it existed at the commencement of the regular or revising session, as required by the terms of Section 7082, supra.

The contention is that this action of the committee is null and void. What is meant by this we are unable to understand unless the deduction is intended to be made therefrom that the failure of the committee to comply with the terms of the statute (Sec. 7082) defining its powers will affect the validity of an act otherwise not subject to question; or concretely stated, that the failure of the committee to incorporate in the revision of the statutes the section as it existed at the commencement of the revising session invalidates the amendment made in 1921, and hence said section is void in that it seeks to amend a law which did not exist. The fallacy of this contention may be demonstrated by reference to the statute (Art. V. Chap. 57, R. S. 1919) creating and defining the power of the committee. This statute does not, and properly so under the limitations of the Constitution (Sec. 1, Art. IV, Mo. Const.), attempt to confer any legislative power upon the revision committee; but defines its purview as one of compilation or the arrangement of what may be deemed a more convenient form of the body of the law as enacted by the Legislature. The power thus conferred may be classified as clerical or purely mechanical. A compliance or non-compliance by the committee therefore with the terms of Section 7082 cannot be held to affect the validity of a statute. This being true, we may construe that section to be directory. This classification is authorized where, as here, the observance of the limitation is not necessary to the validity of the act. [Granite Pav. Co. v. McManus, 144 Mo. App. 593; People v. Graham, 267 Ill. 426, Ann. Cas. 1916 C,

391.] To construe the section otherwise would be to defeat the evident purpose of the Constitution and the Legislature in requiring stated revisions of the statutes, which is to render the law readily accessible or more nearly "an open book than a closed letter." There is no substantial right dependent upon a mandatory construction of said section. Not only can no injury arise from construing it to be directory under the facts at bar, but the purpose of the Legislature is more effectively accomplished thereby in the elimination from the revision of a section whose potency has been destroyed by amendment and the incorporation therein of Section 3247, as amended (Laws 1921, p. 284a), which embodies the living letter of the law definitive of rape.

Supplemental to the foregoing it may be said it was not essential to the validity of the amendatory act of 1921 that it refer to another than Section 3247, Revised Statutes 1919. This section embodied the law as then existing, and while another course would not have rendered the amendatory act invalid it would have necessitated an invoking of the rule that when a section is amended and a later amendment is passed, which by its terms purports to amend 'the original section, reference being made thereto by number, the last amendment will be held to apply to any intermediate amendment of the original section which is to be regarded as if it had been a part or in the place of the original section. [State ex rel. Atlantic Horse Co. v. Blake, 241 Mo. l. c. 105, Ann. Cas. 1913 C, 1283; Worthington v. District Court, 37 Nev. 212, Ann. Cas. 1916E, 1097, L. R. A. 1916A, 969; 25 R. C. L. p. 906, sec. 157.]

III. The contention as to the invalidity of the title of the act under review demands consideration; it is urged first that it is defective in designating the sections amended simply by referring to their numbers in the authorized edition of the statutes. A liberal construction of the constitutional provision (Sec. 28, Art. IV) is authorized; regard being had to the purpose of the

provision which is to prevent members of the General Assembly from being misled as to the character of the legislation. Acting under the rule thus construed, we have held that amendments to sections of the Revised Statutes may be made by acts whose titles refer only to those sections by numbers. [Asel v. City of Jefferson, 287 Mo. 195, and cases p. 205.]

Further contention is made that the title is misleading in that it states that the act amended relates to the age of consent. While the crime of rape constitutes the subject-matter of the amended section, the phrase. "the age of consent," it is well understood, has reference to the age as defined by the statute in the life of females when they are to be deemed capable of consenting to sexual intercourse. [State v. Houx, 109 Mo. 662.] Viewed from another vantage, the phrase may be said to afford a basis for the classification of the different kinds of rape denounced by the statute. The age of consent as used in the title has a reasonable and material connection with the subject-matter of the amendment and, hence, is not inimical to the Constitution. Under no reasonable interpretation could the title be held misleading, but rather that it serves as a clear and comprehensive indicator of the purport of the act. Although general in its terms, it sufficiently indicates the substantial purpose of the law and, consequently, is not subject to valid objection. [State v. Sloan, 258 Mo. 305.]

It does not require a stylist or one given to ease or precision of verbal expression to determine that the words "relating to the age of consent" in the title have reference to the subject-matter and not to the words to be stricken out or to be inserted. Any other construction would be violative of the plain meaning of the words employed, and repugnant to the well-established rule that the constitutional provision, here contended to have been impinged, should be wisely and liberally construed so as not to thwart the efficiency of salutary legislation directed

against a heinous crime. [Burge v. Railroad, 244 Mo. 76; Booth v. Scott, 205 S. W. (Mo.) 633.]

A failure of the title to refer to the penalty prescribed in the body of the act is urged as error. This court has on several occasions ruled adversely to this contention. If the title of an act is a fair index of same, which we hold it to be in this case, matters not specified therein necessary to render it effective, such as the punishment in a criminal statute, will not render it invalid. [State v. Cox, 234 Mo. l. c. 609; State v. Peyton, 234 Mo. l. c. 524.]

The petitioner is charged with an execrable crime. He is entitled, however, and has been accorded a painstaking review of all that has been submitted in behalf of his release. An exhaustive presentation of his case by able and industrious counsel discloses no substantial reason for his discharge. Neither the title nor the act itself of which he complains are subject to valid criticism; the writ is, therefore, quashed and the petitioner is remanded to the custody of the sheriff. All concur, except *Graves, J.,* who dissents.