THE STATE v. MIKE CUTTER, Appellant.—1 S. W. (2d) 96.

Division Two, December 12, 1927.

*William E. Fish* and *Roy A. Fish* for appellant.

*North T. Gentry*, Attorney-General, and *David P. Janes*, Assistant Attorney-General, for respondent.

WALKER, J.—The appellant was charged by information in the Circuit Court of the City of St. Louis with having knowingly, falsely and feloniously aided and abetted · one Michael Walsh in impersonating one Martin Brennan in the making of a bail bond by signing the same as surety. Upon a trial to a jury he was convicted and sentenced to two years' imprisonment in the penitentiary. From this judgment he appeals. Before the filing of the information an indictment had been preferred against the appellant in the Circuit Court of the City of St. Louis. The first part of this indictment charged in effect that one Michael Walsh falsely impersonated Martin Brennan in the signing and executing of a bail bond and that Mike Cutter, well knowing that said Walsh was falsely impersonating said Brennan in the signing and making of said bond, signed the same as surety. To this was added the allegation that "the appellant" (defendant therein) "falsely assumed the name and character of Martin Brennan." The appellant filed a motion to quash the indictment on the ground that it charged two offenses. This motion was by the court sustained. Leave was granted to the circuit attorney to file an information forthwith in lieu of the indictment, which was complied with on the same day. The appellant made an oral objection to the filing of the information in lieu of the indictment, and demanded a preliminary hearing and a continuance. This objection and the demands of the appellant were by the court overruled.

Upon the filing of the information the appellant interposed a plea in abatement thereto on the ground that he had not been accorded a preliminary examination. This motion was by the court overruled, and the appellant announcing ready the trial was proceeded with.

I. The indictment, as well as the information, was based on Sections 3454 and 3456, Revised Statutes 1919. The material allegations in each were the same, except that the defect in the indictment that it charged two offenses and upon which the motion to quash was sustained, was eliminated from the information. In short, the information was filed by way of substitution for the indictment and charged the same offense. The action of the trial court, therefore, in overruling the application for a continuance was not an improper exercise of his discretion in that

the appellant suffered no injury and was deprived of no right by the court's ruling.

II. It is contended that error was committed in denying the appellant's application for a preliminary examination. The right to such an examination is statutory. It is confined to charges by information and is subject to the limitations in the law creating it. Its purpose is to prevent a possible abuse of power by prosecuting officers in enabling the accused to have a speedy hearing that it may be determined whether he should be held to answer or be discharged. [State v. Langford, 293 Mo. 436, 240 S. W. 167.] It is provided in the statute (Sec. 3908a, Laws 1925, p. 195) that if an indictment be held insufficient, either as to form or substance, an information charging the same offense charged or attempted to be charged in such indictment may be substituted therefor at any time before the jury is sworn. It is further provided in the same statute (Sec. 3848, Laws 1925, p. 195) that a preliminary examination shall in no case be required where an information has been substituted for an indictment as authorized by Section 3908a, supra. The trial court ruled, and the record confirms the correctness of his ruling, that the information filed herein charged the same offense as that embodied in the indictment. The substitution of the former for the latter was therefore not error and the appellant was not prejudiced by the trial court's ruling in this regard.

III. The appellant contends that his demurrers to the evidence should have been sustained. The demurrer filed at the close of the State's evidence was waived when the appellant introduced evidence in his own behalf. [State v. Osborne, 246 S. W. (Mo.) 878; State v. Barker, 242 S'. W. (Mo.) 409.] Concerning the demurrer filed at the close of the case, while the evidence was largely circumstantial it was sufficient to show the guilty knowledge of the appellant in signing the bond. Knowing, as he must have known from all of the facts, that Walsh was perpetrating a fraud upon the court, it was proper to submit the question of his guilt to the jury. Proper instructions were given as to the manner in which the circumstantial evidence was to be considered, leaving no room for the jury to be misled.

IV. Complaint is made of instructions given at the request of the State, numbered one and two.

The first is a formal general instruction defining the duty of the court in declaring the law and the province of the jury in regard

to the facts. The only error complained of in this instruction is the use of the word "indictment" instead of "information" in stating the form of the charge. In no other instruction does this occur, but wherever the charge is thereafter referred to the word "information" is used. An error is entitled to consideration when from its nature it is reasonably possible that its commission is prejudicial to the accused. No such possibility can arise to sustain this contention and it is overruled.

The criticism leveled at instruction numbered two is that the words "bail bond" and "recognizance" are used therein when there was no evidence of a recognizance having been given. The information charged the appellant with aiding and assisting Michael Walsh in impersonating another in the execution of a bail bond. In the instruction the reference to Walsh as having falsely, etc., impersonated another in the signing and execution of "a recognizance or bail bond" is by way of *innuendo*. In addition thereto the jury is explicitly instructed that to sustain a verdict of guilty it must find from the evidence beyond a reasonable doubt that the appellant knew when he signed *the bond* as surety that Walsh was not Martin Brennan and that he was in so doing falsely, etc., impersonating said Brennan and with this knowledge he did then and there feloniously, falsely, etc., aid and assist said Walsh by signing and executing *said bond* as surety. A statement of the gist of the instruction (not in its own words) is made to show that in the repeated use of the word "bond" therein the jury could not have been misled as to the nature of the offense with which the appellant was charged. This being true the contention of the appellant in this regard must go for naught. In thus ruling we are not unmindful of the distinctive differences between recognizances and bail bonds. Scrutinized in the light of these distinctions the obligation, as set forth in the information, possesses characteristics of both. Its similarity to a recognizance is shown in its having been executed in open court and made a part of the records of the same. It embodies a binding obligation which conforms to the requirements of either a recognizance or a bail bond; its similarity to the latter is manifest in its having been signed by the purported principal and the appellant and its attestation and approval by the court. Its hybrid character, however, as designated in the instruction, not being misleading to the jury, sufficiently defines the offense of false personation in the creation of an obligation required by law to render the appellant, if shown to be guilty, subject to punishment for the offense charged. It is unnecessary in view of the exhaustive discussion of the similarities of or differences between recognizances and bail bonds in State v. Wilson, 265 Mo. 1, 175 S. W.

692

603, and the like obligation under each, to dwell further on this subject as affecting the appellant's rights in this case. It is enough, therefore, to say that whether the obligation be held to be a recognizance or a bail bond the aiding or assisting in the false personation, if found to have been committed, was the same, and the appellant having suffered no injury by reason of the use of both terms in the instruction has no cause of complaint. This conclusion does not depend for its correctness upon the facts in this case alone, but finds support in that shibboleth of interpretation called a precedent, found in State v. Wilson, supra, page 17, where in defining the applicable statute (Sec. 5127, R. S. 1909, now Sec. 3920, R. S. 1919) we said: "This section, literally interpreted, only has reference to recognizances; but we are not inclined under a proper state of facts, to thus limit its application."

V. The verdict is alleged to be special. It is as follows:
"We the jury in the above entitled cause find the defendant guilty of falsely personating another in Bail Bond as charged in the information and assess the punishment at Two (2) years in the penitentiary."
This verdict is awkwardly drawn but is not invalid in being special in its nature. It would have been sufficient if it simply found that the defendant was guilty as charged or as charged in the information. As we said in State v. DeWitt, 186 Mo. 61, the added words in that case "felonious assault with malice" and in the instant case "falsely personating another in bail bond," may be omitted as surplusage leaving the verdict general in form and fully responsive to the issue. Numerous cases in this jurisdiction in harmony with the ruling are cited in State v. Coleman, 284 S. W. (Mo.) 799; State v. Morris, 279 S. W. (Mo.) l. c. 144; State v. Jordan, 285 Mo. 62, 225 S. W. 905. In the earlier case of State v. Bishop, 231 Mo. 411, 133 S. W. 33, the distinguishing characteristics of the rulings on this subject have been clearly stated by Judge KENNISH. Finally what we said in the Jordan case, supra, may not inappropriately be quoted here, to the effect that "it is a wholesome precept that verdicts should be given a reasonable intendment and a like construction and are not to be avoided unless it is manifest that they will work injustice." We therefore find no merit in this contention.

In the entire presentation of this case by the appellant the errors complained of have been technical. Where it is disclosed by the record that the accused had a fair trial there is an increasing and commendable tendency on the part of appellate courts, not to disturb a verdict of guilty for mere technicalities. As such we regard the errors here complained of and the judgment is affirmed. White, P. J., concurs; Blair, J., concurs in the result.