261 S.W.2d 79 (1953)
STATE
v.
CHITTIM.
No. 43705.
Supreme Court of Missouri, Division No. 2.
October 12, 1953.
Louis Kranitz, Theodore M. Kranitz, St. Joseph, for appellant.
John M. Dalton, Atty. Gen., Robert R. Welborn, Asst. Atty. Gen., for respondent.
TIPTON, Judge.
An information in two counts was filed in the circuit court of Buchanan County. The appellant was charged in the first count with the crime of molesting a minor with immoral intent, section 563.160 RSMo 1949, V.A.M.S., on August 7, 1951, and in the second count with the crime of carnal knowledge of a female between the ages of sixteen and eighteen, section 559.300 RS Mo 1949, V.A.M.S. Prior to the empanelling of the jury the trial court sustained the appellant's motion to require the state to elect on which count it would proceed. *80 The state elected to try appellant on the charge of molesting a minor with immoral intent. The trial resulted in the jury's finding the appellant guilty and his punishment was fixed at imprisonment in the penitentiary for a term of four years. The appellant was pastor of the Woodbine Baptist Church, located in Buchanan County.
The prosecutrix was born August 19, 1933. She testified that she engaged in sexual intercourse with appellant for the first time on August 7, 1951, in the kitchen of the parsonage where appellant lived. She also testified that was the first time she had ever engaged in sexual intercourse. Over the objection of the appellant, the state introduced in evidence a written confession of the appellant made to the law enforcing officers of Buchanan County, dated July 22, 1952.
The appellant testified in his own behalf. He denied engaging in sexual intercourse with prosecutrix on August 7, 1951, or at any other time. He repudiated his confession in its entirety. He further testified that on August 7, 1951, he helped put up hay at Edwin C. Schwader's farm. Five other witnesses testified that he was at that farm on August 7, 1951. Appellant's wife testified that she was redecorating the kitchen of the parsonage on August 6, 7 and 8, 1951, and that she was there throughout the day of August 7, 1951, and did not see the prosecutrix.
Appellant assigns as error the giving of instruction number 5 on behalf of the state because it ignored his defense of an alibi.
Instruction number 5 permitted the jury to find the appellant guilty if the jury found he had taken indecent and improper liberties with prosecutrix "on the 7th day of August, 1951, or at any time within three years next before the filing of the information herein, to-wit, October 6, 1952, * * * by then and there having sexual intercourse with her."
Prosecutrix positively fixed August 7, 1951, as the date of the crime. The state tried the case on the theory that the act of intercourse took place on that date. In fact, the state objected to a question asked one of appellant's character witnesses because the question did not limit the time prior to August 7, 1951, which objection was sustained by the trial court.
The issue presented by the state was that the act of intercourse took place on August 7, 1951, and that issue was accepted by the defense. Therefore, there was no foundation upon which to place an instruction as to any other time, as was done by the state. This instruction nullified appellant's alibi defense which was supported by substantial evidence. State v. Taylor, 345 Mo. 325, 133 S.W.2d 336; State v. Campbell, 324 Mo. 249, 22 S.W.2d 645.
To sustain instruction number 5, the state relies upon the following cases: State v. English, Mo.Sup., 228 S.W. 746; State v. Cutter, 318 Mo. 687, 1 S.W.2d 96; State v. Dowell, 331 Mo. 1060, 55 S.W.2d 975; State v. Proffer, Mo.Sup., 159 S.W.2d 681. Those cases are readily distinguished from the case at bar. Alibi was not a defense in those cases, therefore, time was not the essence of the offense.
Appellant contends a verdict of acquittal should have been directed by the trial court. He bases this contention solely on the ground that there is no substantial evidence that prosecutrix had intercourse with appellant.
From the facts we have outlined, such contention is without merit. Neither appellant nor the state briefed the point that these facts come within the purview of section 563.160, supra. Since this question is not raised, we will reserve our ruling until it is directly raised and briefed.
For the error in instruction number 5, the judgment and sentence of the trial court should be reversed and the cause remanded. It is so ordered.
All concur.