STATE of Missouri, Respondent,

v.

Lloyd George OSWALD, Appellant.

No. 46024.

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1957.

James E. Dearing, Clayton, for appellant.

John M. Dalton, Atty. Gen., Richard W. Dahms, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Lloyd G. Oswald was convicted of the detestable and abominable crime against nature. § 563.230. (Statutory references are to RSMo 1949 and V.A.M.S. unless otherwise indicated.) He has appealed from a judgment imposing twenty years' imprisonment in accord with the verdict.

Appellant does not question the sufficiency of the State's testimony to sustain a conviction if § 563.230 applies. Briefly outlined, the evidence established that three boys were playing ball in a street on February 7, 1956, when appellant drove up and asked them to go for a ride. The pathic did not know appellant but the other boys did. After riding for a short time, during which appellant was drinking beer, the two boys who knew appellant had to go home. Appellant let them out of the car and the pathic accepted appellant's invitation to continue the ride. In about ten minutes appellant stopped in front of his house, telling the pathic he was going to get some more beer and inviting him in. The pathic went into the house, and there, without detailing the facts, appellant, after assaulting the pathic when he at first refused, committed the detestable and abominable crime against nature upon this eleven year old boy per os and per anum. This occurred in Webster Groves, Missouri.

Supreme Court Rule 28.02, 42 V.A.M.S., provides: "No assignment of error * * * shall be necessary upon an appeal and the appellate court shall render judgment upon the record before it. If the appellant files a brief in the appellate court, assignments of error in the motion for a new trial not presented thereby shall be deemed waived or abandoned." Consult § 547.270. Several points in the appellant's brief attack the right of the State to prosecute appellant un-

der § 563.230. State v. Jones, Mo., 227 S. W.2d 713, 716[1]; State v. Foster, Mo., 251 S.W.2d 675, 676[1].

We quote § 563.230: "Every person who shall be convicted of the detestable and abominable crime against nature, committed with mankind or with beast, with the sexual organs or with the mouth, shall be punished by imprisonment in the penitentiary not less than two years."

■ Appellant, referring to the catchwords preceding the section: "The abominable and detestable crime against nature—penalty", states § 563.230 violates Art. III, § 23, Mo.Const. 1945, providing that "No bill shall contain more than one subject which shall be clearly expressed in its title," in that § 563.230 "contains both the definition of the crime and a penalty." The catch-words prefixed by the compiler of statutory enactments are no part of the title in a constitutional sense. State v. Lawson, 352 Mo. 1168, 181 S.W.2d 508, 513 [8]; Ex parte Lockhart, 350 Mo. 1220, 171 S.W.2d 660, 663 [5]. We have considered that § 563.230 sufficiently describes an offense, the indictment or information to set forth the manner of its commission in the particular instance on trial. State v. Katz, 266 Mo. 493, 181 S.W. 425, 426(I); State v. Pfeifer, 267 Mo. 23, 183 S.W. 337, 338 (I); State v. Wellman, 253 Mo. 302, 310(I), 161 S.W. 795, 797(I); State v. Wilson, 361 Mo. 78, 233 S.W.2d 686, 687 [1]. Consult State v. Patterson, 271 Mo. 99, 196 S.W. 3, 4(I); Frazier v. Grob, 194 Mo.App. 405, 183 S.W. 1083, 1084 [1].

■■ Penalties for violations of criminal statutes are but incidents of the law and need not be referred to in the title. Ex parte Hutchens, 296 Mo. 331, 338, 246 S.W. 186, 189 [9] and cases cited. Section 563.230 appeared as § 7, Art. VIII, R.S. 1835, p. 206, in the chapter (adopted March 20, 1835) on Crimes and Punishments, under the title: "An act concerning crimes and their punishments," Article VIII being entitled: "Of offences against public morals and decency, or the public police and

other miscellaneous offences." The words "with the sexual organs or with the mouth" were added by Laws 1911, p. 198. Section 23, Art. III, Mo.Const. 1945, supra, prohibiting more than one subject in a bill, was § 28, Art. 4, Mo.Const. 1875, and § 32, Art. IV, Mo.Const. 1865. We find no like provision in the Constitution of 1820. Appellant's contention is without merit.

■ Appellant contends the enactment of § 563.160 effected an implied repeal of prior § 563.230 so far as § 563.230 concerns an offense perpetrated upon a minor. The point is mentioned in State v. Atkinson, Mo., 285 S.W.2d 563, 565 [1], and State v. Chittim, Mo., 261 S.W.2d 79, 80, but not ruled. The court expressed doubt as to the soundness of the contention in the Atkinson case.

The repeal of a statute by implication is a matter of legislative intent, is not presumed, and is not favored. Fleming v. Moore Bros. Realty Co., 363 Mo. 305, 251 S.W.2d 8, 15 [9]; State v. Malone, 238 Mo.App. 939, 192 S.W.2d 68, 70. Repeals by implication usually arise where a later statute covers the whole subject matter of an earlier statute or where its provisions are so repugnant to the other as to make the two statutes irreconcilable. State ex rel. v. Brodie, 161 Mo.App. 538, 545, 143 S.W. 69, 72 [2, 3]; 82 C.J.S. Statutes § 290, p. 489. Appellant does not contend and it is apparent that § 563.160 does not cover the whole of and is not a substitute for § 563.230. The repugnancy between the later and the earlier statute must be irreconcilable to impliedly repeal the prior act. State ex rel. and to Use of Geo. B. Peck v. Brown, 340 Mo. 1189, 105 S.W.2d 909, 911 [1–3]; State v. Malone, supra, citing cases; State ex rel. v. Brodie, supra.

The title of § 563.160 (Laws 1949, p. 249) is: "An Act making it unlawful for any person to annoy or molest, detain or divert any minor and providing a penalty therefor." The acts prohibited are: indulging "in any degrading, lewd, immoral or vicious habits or practices" in the presence of a minor; taking "indecent or improper liberties with" a minor; publicly exposing "his or her person to such minor in an obscene or indecent manner"; "by language, sign or touching such minor," suggesting or referring "to any immoral, lewd, lascivious or indecent act", or detaining or diverting a "minor with intent to perpetrate any of the aforesaid acts." The punishment ranges from five years' imprisonment to a jail sentence or a fine not exceeding $500, or a jail sentence and fine.

The acts proscribed by § 563.160 are expressly stated therein. They are not the "detestable and abominable crime against nature," an offense treated as "not fit to be named" (State v. Wilson, 361 Mo. 78, 233 S.W.2d 686, 687 [1]), proscribed by § 563.230. The term "sodomy" is considered a sufficient general description of the offense; but § 563.230 seemingly embraces sodomy proper, bestiality, buggery, fellatio (oral genital contact), and cunnilingus (oral vaginal contact); that is, any unnatural corporeal copulation. One committing acts within § 563.230 may commit at the same time acts within § 563.160; but the acts within § 563.160 are not the acts proscribed by § 563.230. The subject matter of the two statutes differs, as do the essential elements of the offenses involved. Appellant's position is not well taken. Consult State v. Brotzer, 245 Mo. 499, 508(I), 150 S.W. 1078, 1079(1); State v. Start, 65 Or. 178, 132 P. 512, 46 L.R.A.,N.S., 266, 268; Berryman v. State, Okl.Cr., 283 P.2d 558, 561 [3–6]; Glover v. State, 179 Ind. 459, 101 N.E. 629, 45 L.R.A.,N.S., 473, 475; 81 C.J.S. Sodomy § 1, p. 367; 48 Am.Jur. 549, §§ 1, 2; Wharton, Cr.Law, 12th Ed., 1034, §§ 754–759; Bishop, Cr.Law, 9th Ed., §§ 503, 1191; 1 Hawk.P.C. 9, 10; 4 Blackstone, Com. 215.

From what has been said, there is no merit in appellant's contention that his offense was a common-law offense and the court should have reduced his punishment to conform with § 556.110, providing that "punishment by virtue of the common law"

shall not exceed a fine of one hundred dollars or imprisonment not to exceed two months, or both.

 Appellant contends the court erred in overruling his pre-trial motion for a psychiatric examination of the pathic. He cites no authority to sustain his contention. In State v. Wilson, 361 Mo. 78, 233 S.W.2d 686, 688 [9], a prosecution under § 563.230, we held the refusal of defendant's request for a physical examination of the pathic and of the defendant to determine whether it was possible for defendant to have committed the offense upon the pathic was not error, stating: "Such a practice, if recognized as of right, might lead to abuse, and insure escape from punishment in many instances. Not all victims of perverse sexual acts would be willing to expose themselves to the humiliation of physical inspection; rather might some prefer to remain silent. It seems to us interests of justice more than counterbalance the questionable value of such an examination." What is there stated is applicable if witnesses for the State are to be subject to a psychiatric examination upon motion of the accused as a matter of right. A reading of the testimony of the pathic in the instant case raises no question as to his competency as a witness, which was for the court to pass upon. See § 491.-060; State v. Whitsett, 232 Mo. 511, 526 (IV), 134 S.W. 555, 560(4); State v. Herring, 268 Mo. 514, 188 S.W. 169, 172 [3, 5–8]. The jury passes upon the credibility of the witnesses. Appellant's presentation discloses no error.

 The indictment charged in one count that appellant committed the offense or offenses by inserting his genital organ "into the mouth and rectum" of the pathic. In each of the cases cited by the State to the point that the indictment was proper in form and substance (State v. Rutledge, Mo., 267 S.W.2d 625 [2]; State v. Hubbard, Mo., 295 S.W. 788, 789; State v. Katz, 266 Mo. 493, 181 S.W. 425) the defendant was charged with committing the offense by means of the mouth or by means of the rectum and not both by the mouth and by the rectum of the pathic. The State's main instruction authorized a conviction, so far as material here, if the jury found that appellant inserted his genital organ into "the mouth and rectum" of the pathic or "committed either of such aforesaid acts." Thus the instruction recognized that the offense was complete when committed by means of the mouth (the Hubbard and Katz cases, supra) or when committed by means of the rectum (the Rutledge case, supra) of the pathic. The verdict found appellant "guilty of the crime of Sodomy as charged in the indictment." The word "sodomy" in verdicts has been considered sufficient to constitute a general verdict of guilty in prosecutions under § 563.230. State v. Villinger, Mo., 237 S.W.2d 132, 134 [7]; State v. Rutledge, Mo., supra. The State refers us to no case holding a general verdict proper upon the trial of an indictment or information charging an appellant with the commission of two offenses in one count. An accused is entitled to the concurrence of twelve jurors upon one definite charge of crime. Under the charge and the verdict some of the jurors may have agreed appellant was guilty of an offense committed with the mouth of the pathic, while others may have reached the same result with respect to an offense committed with the rectum. It cannot be determined that there was a concurrence of twelve jurors upon one definite charge of crime. State v. Washington, 242 Mo. 401, 408(II), 146 S.W. 1164, 1166 [4]; State v. Pace, 269 Mo. 681, 685(I), 192 S.W. 428, 429 [1–3]; State v. Frazier, Mo.App., 40 S.W.2d 761; State v. Jackson, 242 Mo. 410, 420(V), 146 S.W. 1166, 1168 [6]; State v. Brotzer, 245 Mo. 499, 516, 150 S.W. 1078, 1082 [4]. Upon a new trial the charge against the appellant and the State's main instruction should be redrafted. State v. Cutter, 318 Mo. 687, 1 S.W.2d 96 [1, 2]; Sup.Ct.Rules 24.02, 24.15, 23.02; §§ 545.290, 545.300, 544.250.

The indictment read "that Lloyd George Oswald a/kas Michael Deaton" et cetera. The use of the symbol "and/or" has been criticised (State ex rel. Adler v. Douglas, 339 Mo. 187, 95 S.W.2d 1179, 1180); and "a/kas" is also subject to criticism. See § 476.050. Abbrevations of this nature serve no real purpose and should be avoided to eliminate the time and effort consumed in considering possible unnecessary issues, if for no other reason.

Although judicial notice is taken of the location of cities and towns of the State, the county of venue may easily be expressly established of record.

Some of the points in appellant's brief are clearly without merit; some are not sufficiently presented in his brief (Sup. Ct.R. 1.08, 292 S.W.2d (Mo.Ed.) XVI; State v. Campbell, Mo., 292 S.W.2d 297, 298) or in his motion for a new trial (Sup. Ct.R. 27.20, § 547.030) to be considered on appellate review. We need not extend this opinion other than to observe that epithets are applied with greater propriety by State's counsel to a defendant in argument when stated to be deductions from the evidence and when of questionable propriety are best omitted.

The judgment is reversed and the cause is remanded for the error noted.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.